365 So.2d 34 (1978)
Bruce A. NEEL
v.
Charlotte Clements NEEL, wife of Bruce A. Neel.
No. 9548.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Jean E. Senac, Jr., New Orleans, for plaintiff-appellant.
Kiefer, Glorioso & Fleming, Robert F. Fleming, Jr., New Orleans, for defendant-appellee.
Before LEMMON, STOULIG and SCHOTT, JJ.
STOULIG, Judge.
Appellant, Bruce Neel, has appealed a judgment awarding his divorced wife, Charlotte Neel, child support of $400 monthly for the use and benefit of their minor daughter, Michelle.
He complains the trial court erred in (1) failing to apply the jurisprudential rule that obligates a mother also to contribute to the support of her child; and (2) in fixing an award beyond the means of the father to pay.
Appellant relies on the legal principle that both mother and father share the obligation of supporting, maintaining and educating their child (C.C. art. 227). When parents divorce, each must contribute to the child's support and maintenance in accordance with their abilities and resources. C.C. art. 231; Fellows v. Fellows, 267 So.2d 572 (La.App.3d Cir. 1972). The maintenance referred to in C.C. art. 227 is not limited to monetary contributions. In Ducote v. Ducote, 339 So.2d 835 (La.1976), the Court pointed out that the day-to-day activities a mother performs in running the family home, transporting her children and providing guidance, love and discipline are substantial contributions to their rearing and may either fully or partially satisfy the natural obligations, reiterated in the Civil Code, that are due from a mother to her child. Neither counsel disputes this to be the law.
The issue here is whether under the circumstances in this case the law warrants our relieving the father of a part of the monthly financial contribution set by the court and shifting it to the mother.
Charlotte Neel has a net income of $489.42 monthly. Bruce Neel claims a net income of $1,100 and a gross income of $1,600 per month. Of the amount withheld, *35 $100 monthly is his voluntary contribution to his savings or retirement account. The child's needs are itemized at $585 monthly.
In verbal reasons for judgment the trial judge indicated he thought the appellant exaggerated his monthly expenditures and lacked candor in presenting his resources. Without belaboring the point but by way of illustration, appellant testified he alone required $250 per month for food while his wife claimed she and her child could manage on $160 for this necessity. Additionally appellant itemized insurance as a monthly expense and later admitted that this amount was also included in his payroll withholdings. In effect he claimed the same item twice.
The record supports the result reached by the trial court. The cited law does not require us to total the child's financial needs and divide the financial obligations equally between two working parents. The mother's income is considerably lower than that of her husband and her responsibility for the day-to-day care and maintenance contributed by her physical presence and efforts greatly exceeds that of appellant.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.