398 So.2d 1169 (1981)
Pamela Mae Green CHAFFEE, Plaintiff-Appellee,
v.
James Patrick CHAFFEE, Defendant-Appellant.
No. 14527.
Court of Appeal of Louisiana, Second Circuit.
April 27, 1981.
Glenn F. Armstrong, Bossier City, for defendant-appellant.
Thomas & Burchett by Dewey E. Burchett, Jr., Bossier City, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
Plaintiff-wife filed suit for separation from the defendant on grounds of abandonment and sought permanent custody of the only child of the marriage, alimony pendente lite and child support. Upon trial of a rule to show cause on the alimony and child support issues, the trial court rendered *1170 judgment in favor of plaintiff granting her custody of the child, a 23-month-old son, and awarded her child support in the sum of $375 per month. Plaintiff's request for alimony pendente lite was denied on the basis that her income was substantially equal to that of the defendant.
Defendant appealed, contending that the amount of child support awarded is excessive. We amend the judgment of the trial court to reduce the amount of child support.
The only issue presented for our review is whether the trial court abused its discretion in setting the amount of child support. Defendant contends that the trial court did abuse its discretion and that the amount of child support he is ordered to pay is excessive considering his income, his wife's income, and the needs of the child.
Defendant works for a number of race horse trainers as an exercise boy. He makes $5 for each horse he exercises. His income and monthly expenses fluctuate as he follows the horses from meet to meet. He testified that on the average he exercises about seven horses a day, seven days a week. On the average then, defendant grosses approximately $1,000 per month during times of steady employment. Defendant filed into evidence an affidavit of his average monthly income and expenses. In that affidavit he lists his average gross monthly income as $800; his listed living expenses exceed $600 per month. Plaintiff filed into evidence a list of bank deposits made by her and the defendant during the months of January through August, 1980. Plaintiff testified that the list of deposits reflected the amount of the pay checks received by each of the parties. According to plaintiff's list, plaintiff's income averaged approximately $800 per month while defendant's income averaged approximately $620 per month.
Taking the above evidence as a whole, we conclude that the defendant has an average gross income of $900 per month out of which he must pay his necessary living expenses, taxes, and business expenses. Plaintiff has a net income of approximately $800 per month.
Parents have a mutual obligation to support, maintain, and educate their children. LSA-C.C. Art. 227. Support of the child is to be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. The children of divorced or separated parents are required to be maintained in the same manner that they were maintained prior to the divorce or separation, if the circumstances of the parents allow. Ducote v. Ducote, 339 So.2d 835 (La.1976).
Plaintiff in the instant case filed an affidavit of her average monthly expenses, which exceed $1,300. Plaintiff did not attribute any particular expenses to the child so the trial court allocated certain portions of the mother's total expenses to support of the child. The trial court determined that support of the child in this case would require $550 per month. The court took half of that amount, $275, and then added $50 per month for the mother's care and maintenance of the child and $50 per month related to the payment on the house trailer (which had already been considered in the child's expenses), arriving at the award of $375 per month.
Taking the evidence as a whole, we are of the opinion that the trial court abused its discretion in setting the amount of child support. We are not convinced that support of the two-year-old child requires $550 per month. The trial court arrived at this figure by allocating certain portions of the mother's itemized expenses to the child. For example, the trial court allocated to support of the child one-half of the note which plaintiff pays on her house trailer, one-half of the utilities, and one-half of the insurance on the trailer. As defendant points out in his brief to this court, some of these expenses would have been incurred by the mother regardless of whether she was living with the child or not. After carefully reviewing the itemized list of the mother's expenditures, we conclude that support of the child requires approximately $450 per month.
*1171 As noted above the obligation imposed on parents to support their children is mutual. A portion of the custodial parent's obligation of support will be fulfilled by the day-to-day care and maintenance which he or she gives to the child. This day-to-day care would include washing clothes, preparing meals, providing transportation, and maintaining the home environment. See Cowen v. Cowen, 375 So.2d 118 (La.App. 3d Cir. 1979). For this reason, it is not appropriate to calculate the entire amount needed for support of the child and divide it evenly between the two parents.
Considering the needs of the child and the ability of the defendant to pay, we conclude that the child support award should be reduced by $100 to the sum of $275 per month, which is $50 more than one-half of the sum needed to support the child.
Accordingly, the judgment of the trial court is amended to reduce the award to plaintiff-appellee for child support from $375 per month to $275 per month, payable $137.50 on the first and fifteenth of each month. Costs of this appeal are assessed to the plaintiff-appellee.
Amended, and as amended, affirmed.