421 So.2d 1165 (1982)
Donald Ray UPDEGRAFF, Plaintiff-Appellee,
v.
Susan Sigler UPDEGRAFF, Defendant-Appellant.
No. 15018.
Court of Appeal of Louisiana, Second Circuit.
October 25, 1982.
*1166 Love, Rigby, Dehan, Love & McDaniel by J. Phillip Goode, Jr., Shreveport, for defendant-appellant.
Sockrider & Bolin by H.F. Sockrider, Jr., Shreveport, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
This is a child support case. Susan Updegraff filed a rule against her former husband, Donald Updegraff, to increase the child support for their two children, Erica, age 9, and Donald, Jr., age 7. Donald responded with a rule to reduce child support. The rules were consolidated and after a trial on the merits the district judge rendered judgment ordering Donald to pay child support of $475.00 per month each, or a total of $950.00, and requiring him to maintain hospitalization and major medical insurance on the children. Susan appeals. We amend and affirm.
Susan sets out three assignments of error. She contends the trial judge erred in:
1) effectively reducing child support when the evidence showed a change in circumstances supporting an increase in the award;
2) fixing child support at a grossly inadequate amount; and
3) failing to consider the income of Donald's new wife, Mary, in determining his ability to pay.
*1167 Donald and Susan were married in 1968 and divorced in March, 1981. The judgment in the divorce action awarded Susan custody of the children but she did not receive permanent alimony. By consent of the parties the judgment fixed child support at $808.58 and required Donald to maintain health insurance on the children and to pay the mortgage, taxes and insurance on the family home, where Susan and the children continued to reside, until its sale.
The total monthly expenditure required by the judgment was $1,533.49. Donald also provided insurance on the car used by Susan and the children until it was transferred into Susan's name. Donald ceased making the house related payments as of December 1, 1981, because Susan had purchased his interest in it.
On December 22, 1981, Susan filed her rule to increase child support to $2,000.00 per month. Donald then filed his rule to reduce child support to an amount not exceeding "the reasonably substantiated needs" of the children. After trial of the consolidated rules the judgment complained of was rendered.
Through her first assignment of error, Susan contends that the judgment erroneously reduces child support when the record shows a change in circumstances which supports an increase.
Susan argues that by his consent to the original judgment Donald judicially confessed that child support of $1,533.49 was appropriate. Therefore, she argues, the award may not be reduced below that figure absent a showing by Donald of a substantial change in circumstances which supports the reduction.
Even a consent judgment fixing child support may not be modified absent a showing by the party seeking the modification, of a substantial change in circumstances supporting the modification. Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir. 1980); Jones v. Jones, 351 So.2d 825 (La. App. 1st Cir.1977).
The original judgment in this case made the direct payments on the house subject to termination on its sale. It is not disputed by appellant that the house has been sold within the contemplation of the judgment and that the direct payments were rightly terminated by appellee. Thus, by the judgment's own terms, the only portion of the original child support award in effect at the time of the trial of this matter was the award of $808.58 per month to be paid to appellant. Under these circumstances we must regard the award of $950.00 per month as an increase, rather than a decrease as contended by appellant, in child support.
The appellant's first assignment of error is without merit.
Through her second assignment of error Susan contends that the trial judge erred in awarding support in a grossly inadequate amount.
Child support is to be fixed in proportion to the needs of the children and the non-custodial parent's ability to pay. C.C. Art. 231; Nelson v. Nelson, 335 So.2d 787 (La.App. 1st Cir.1976). The children should enjoy the same standard of living they would have if they resided with the non-custodial parent. Prados v. Prados, 341 So.2d 1286 (La.App. 3rd Cir.1977).
The trial judge has much discretion in fixing child support and his award will not be disturbed absent a clear abuse of discretion. Allbritton v. Allbritton, 393 So.2d 825 (La.App. 2d Cir.1981); Frazier v. Frazier, 318 So.2d 625 (La.App. 2d Cir.1975).
Susan claims the expenses of these two children, ages 7 and 9, are $1,923.01 per month. The largest item in the claimed list is housing. Susan contends that 2/3's of the monthly payments on the former family home, which she elected to purchase, should be assessed as child support. She also claims 2/3's of the annual taxes and insurance on the house. Susan's total claim for housing for the two children is the sum of $476.84.
The record shows that Susan refused to sell the house to a prospective purchaser for *1168 an offer of $170,000.00 cash. Instead, she borrowed $43,590.00 from a gentleman friend and purchased Donald's interest in the house. If Susan had joined Don in the sale of the house to the prospective purchaser she would have received from the sale of the house for her equity in it approximately the amount she paid Don for his interest in the house. At the time Susan did this, and assumed the house payment, taxes and insurance of $724.91 per month, she was unemployed.
As a payor spouse is not excused from paying child support by financial distress caused by his own fault, Moore v. Moore, 380 So.2d 180 (La.App. 2d Cir.1980); neither should the payee spouse be allowed to claim large and unreasonable amounts as child support because of financial distress occasioned by his own fault.
It had been contemplated by the parties that the family home would be sold and the proceeds divided between them to allow each to obtain housing more appropriate to their needs. However, Susan declined to sell the home when an offer was received and against all economic reason decided to purchase Donald's interest herself. Donald should not be made to pay for Susan's folly through child support.
Susan's house has four bedrooms and contains 2,843 square feet of heated space and has an established value of $170,000.00. The town house purchased by Don for $103,000.00 has only 1,784 square feet of heated space. It is therefore apparent that the home which Susan contends the children should be provided is much larger than the home occupied by their father and no doubt contains substantial living area which is neither necessary nor essential to the comfort of these small children.
A review of the other expenses claimed by Susan shows that many are obviously inflated and others are not recoverable or provide duplications of items supplied by Donald. The litigants had agreed in March of 1981 that $808.58 would provide for the needs of the children. However, an allowance for housing was not included within the amount. We have reviewed the list of child support expenses that formed the basis for the March consent judgment and find them fully adequate to provide the children a lifestyle commensurate with their father's position in the community as a successful business executive, with the exception of the omission of a housing allowance.
We conclude that the amount claimed by appellant for housing for the children is grossly excessive and that the sum of $300.00 per month for housing should adequately provide funds to acquire housing for them comparable to that which they would enjoy if they were living with their father.[1]
The trial judge increased the award to $950.00 but did not articulate the basis for the increase. We believe the increase was probably given to provide funds to pay for housing for the children. However, this increase of approximately $141.00 was inadequate to provide housing for the children comparable to that which they would enjoy if they were living with their father. We have determined that the March, 1981, child support award should be increased by $300.00 to provide for this deficiency.
The judgment of the trial court should be increased by $158.58, to the amount of $1,108.58.
The trial judge properly stressed in his reasons for judgment the fact that the mother and the father each have an obligation to provide for the support of their children and we find no abuse of his discretion in making the award, other than his failure to provide an adequate amount to provide the children with a place to live.
The fact that Susan is now unemployed and has exhausted her unemployment compensation does not affect our view that the child support here awarded is adequate to *1169 provide for the children. However, we note for the record that she could have been employed full time as a substitute teacher in Bossier Parish. She also seems to have made less than an all out effort to obtain a job since she has not made an application for employment through any employment agency.
Don virtually concedes in brief that his ability to pay is not an issue in this case and we fully agree because his net income of approximately $3,700.00 per month is more than adequate to meet his child support obligations and his own living expenses. For these reasons the assignment of error related to the trial court's failure to consider the earnings of Don's new wife in determining his ability to pay need not be addressed by us.
The judgment as appealed is amended to increase the cash child support awarded from $950.00 to $1,108.58, and the second paragraph of the judgment is recast to reflect the increase which shall be effective December 22, 1981, to read as follows:
"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the obligation of DONALD RAY UPDEGRAFF to pay unto SUSAN SIGLER UPDEGRAFF child support on behalf of the two minor children of their former marriage, Erica Simmons Updegraff and Donald Ray Updegraff, Jr., is hereby set at the sum of FIVE HUNDRED FIFTY FOUR AND 29/100 ($554.29) DOLLARS per month, per child, or a total of $1,108.58 per month, effective December 22, 1981, with said payment being due and payable on or before the first day of each calendar month."
Except as AMENDED the judgment is AFFIRMED. All court costs incurred in the trial court and on appeal are assessed equally between the litigants.
NOTES
[1] In Susan's list of monthly needs for the children filed in the proceedings wherein the consent judgment was rendered she initially sought $251.25 to provide housing for the children.