457 So.2d 163 (1984)
Allie Marie Buffington SIMS, Plaintiff-Appellee,
v.
John Will SIMS, Defendant-Appellant.
No. 16458-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
Rankin, Yeldell, Herring & Katz by Stephen J. Katz, Bastrop, for plaintiff-appellee.
James D. Sparks, Jr., Monroe, for defendant-appellant.
Before MARVIN, JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
John Will Sims appeals that portion of a judgment on rule awarding his wife, Allie Marie Buffington Sims, child support pending the outcome of her suit for separation in the amount of $575 for the use and benefit of their twelve year old daughter, Elizabeth Ashley Sims. Finding no abuse of the wide discretion accorded a trial court in such matters, we affirm.
*164 Sims' argument on appeal is two-fold. He claims that the trial court erred in (1) failing to equally pro-rate the child support obligation between the two parents by requiring Sims to pay the entire child support obligation and (2) awarding a sum of support which is high in light of his proven obligations and monthly expenses.
Initially, Sims relies on the legal principle that both mother and father share the obligation of supporting, maintaining and educating their child. La.C.C. Art. 227. However, this article has never been construed jurisprudentially to mean that in all cases the parents' obligation to provide for the financial support of their child must be pro-rated equally between them. See Neel v. Neel, 365 So.2d 34 (La.App. 4th Cir.1978). Rather, the rule is that each must contribute to the child's support in light of the needs of the child as well as the circumstances of those who are obligated to meet these needs. Guinn v. Guinn, 405 So.2d 620 (La.App. 3d Cir.1981); Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2d Cir. 1981). Where both parents are gainfully employed, the proper procedure is to first determine the needs of the child and then apportion that amount between the father and the mother in proportion to their ability to pay. Manuel v. Broderson, 298 So.2d 333 (La.App. 3d Cir.1974). Furthermore, the maintenance referred to in La.C.C. Art. 227 is not limited to monetary contributions but includes the day to day care and maintenance which the custodial parent gives to the child by virtue of his or her physical presence and efforts. Chaffee v. Chaffee, supra; Neel v. Neel, supra; Ducote v. Ducote, 339 So.2d 835 (La.1976). A child living with a custodial parent is entitled to the same standard of living which he or she would have were he or she residing with the non custodial parent if financial circumstances permit. See Glasscock v. Glasscock, 398 So.2d 95 (La.App. 3d Cir.1981); Ducote v. Ducote, supra.
Overriding all of the aforementioned applicable legal principles is the general rule that in determining the amount of child support to be awarded a custodial parent, the trial court is vested with wide discretion, and its determinations will not be disturbed by an appellate court unless a review of the record indicates that the trial judge abused that discretion. Hudson v. Hudson, 421 So.2d 1188 (La.App. 2d Cir. 1982); Guinn v. Guinn, 405 So.2d 620 (La.App. 3d Cir.1981).
Our review of this record reveals that Mrs. Sims has a net income of $650 per month from which she must meet her needs as well as contribute to the support of her minor child. Mr. Sims' gross income is in excess of $32,000 annually and his net income is approximately $2000 per month. The conservative itemization of expenses introduced into evidence by Mrs. Sims reflects that her monthly expenses for her support are $694 and her monthly expenses for the support of her child are $769. The trial court found these expenses not to be exaggerated and Mr. Sims does not seriously contest their validity.
It is apparent from this record that Mrs. Sims' income is considerably lower than that of Mr. Sims. However, it is equally obvious that she provides day to day care for the child by her daily presence and physical support which greatly exceeds such contributions by Mr. Sims. In effect, the trial court apportioned the amount of child support to be paid for the minor child in the approximate amounts of 75% to Mr. Sims and 25% to Mrs. Sims, based on their respective abilities to pay and the non-pecuniary contributions of Mrs. Sims.
The calculation of child support by a mathematical formula is impossible and all of the varying facts and circumstances of each individual case should be taken into consideration in fixing the amount awarded. Fall v. Fontenot, 307 So.2d 779 (La. App. 3d Cir.1975). Each case involving such awards must be determined on its own facts and circumstances. Hudson v. Hudson, 421 So.2d 1188 (La.App. 2d Cir. 1982).
Applying these well recognized legal principles to the facts and circumstances presented for our review, we are compelled *165 to conclude that the support award does not constitute an abuse of discretion. The allocation of support attributed to each parent is properly proportioned, the award is not high in light of the proven monthly expenses and obligations of Mr. Sims and the award clearly does not exceed the needs of the child as reflected by the record.
For the foregoing reasons, the judgment of the trial court is affirmed in its entirety at the cost of appellant.
JUDGMENT AFFIRMED.