475 So.2d 40 (1985)
Carolyn Jean MILLER, Plaintiff-Appellee,
v.
C.B. MILLER, Jr., Defendant-Appellant.
No. 17066-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
*41 Voelker, Ragland & Crigler by James C. Crigler, Jr., Lake Providence, for defendant-appellant.
Blackwell, Chambliss, Hobbs & Henry by Larry Arbour, West Monroe, for plaintiff-appellee.
Before HALL, MARVIN and SEXTON, JJ.
MARVIN, Judge.
The father appeals a judgment granting sole custody of his two minor children to the mother. He also complains that the trial court abused its discretion in awarding child support. We amend and affirm.

FACTS
The litigants were married in 1964. Four children were born of the marriage. A 1979 judgment of separation granted custody of the oldest child to the mother and custody of the three other children to the father. The October 1980 judgment of divorce continued this arrangement.
The father paid $500 per month support for the oldest child until March 1981, when the award was reduced to $250 per month. In December 1981 the father was awarded custody of the oldest child who was approaching the age of majority.
In April 1984 the mother sought custody of and support for the three remaining minor children. She sought support of $2,000 per month. The court granted sole custody to the mother and ordered the father to pay $633.33 per month per child. From this judgment the father appeals. Since the judgment the second child has reached majority.
At the hearing the parties stipulated that joint custody should be decreed, submitting a plan with the primary residential custody assigned to the mother. Under the stipulated plan, she was to allow the children, two sons, ages 13 and 15, to visit and live with their father as often as they chose. The judgment appealed, however, gave sole custody to the mother and visitation privileges to the father similar to the proposed plan. In light of the joint custody presumption of LSA-CC Arts. 146 and 157, and the stipulation of the parties, we shall amend to grant joint custody to the parents.

FATHER'S ASSIGNMENTS
The father complains that the trial court failed to recognize the mother's obligation to support the children, set support in excess of the needs of the children as asserted by the mother, and erred in determining defendant's ability to pay.
A March 1981 estimate of monthly living expenses for the father and three minor children who were then living with him (plus private school tuition for the fourth child), including educational insurance premiums for the children and life insurance for the father and medical insurance for both father and children was almost $2,700. This estimate was made by the father in answer to interrogatories in 1981.
In June 1984, the father's estimate of the monthly living expenses for the three children was only $774.
The mother's affidavit of expenses, made in May 1984, estimated the monthly living expenses for three minor children at almost $3,000 per month. Some of her listed expenses *42 were either speculative or duplications.
The mother testified that she "needed $1500" each month for the support of the three children. The father said he should and could pay $100 per month per child plus $60 per month per child for school tuition, and whatever it cost to maintain health insurance coverage for the children.
Children are entitled to support in an amount sufficient to maintain them in a style commensurate with the family standard of living enjoyed before the marriage terminated. Baham v. Baham, 456 So.2d 1032 (La.App. 5th Cir.1984). The obligation is on both parents. CC Art. 227.
Child support is to be fixed in proportion to the needs of the children and the non-custodial parent's ability to pay. CC Art. 231. Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2d Cir.1982), Abercrombie v. Abercrombie, 434 So.2d 1139 (La.App. 2d Cir.1983), writ denied.
The trial judge has wide discretion in setting the amount of the award. Hudson v. Hudson, 421 So.2d 1188 (La.App. 2d Cir.1982).

CONCLUSION
The trial court abused its discretion by setting the award at more than the $500 per month per child (or $1500 for three children) the mother said she needed. The father now owes support for only the two children, and we must reduce the award from $633 per child to $500 per child. Compare Meyers v. Meyers, 344 So.2d 451 (La.App. 2d Cir.1977), where the father, earning $85,000 per year, was ordered to pay $500 per child per month. See also Lamothe v. Lamothe, 262 So.2d 87 (La. App. 4th Cir.1972).
The father did not present sufficient evidence to allow the court to determine his financial situation. His complaint that he is unable to pay was not proved and we find the trial court did not err in disbelieving that the father was financially unable to pay more than $100 per month per child plus school tuition and insurance. The trial court's conclusion is one of fact which we will not disturb absent manifest error, which we do not find. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The father of the children contends that the trial court erred inasmuch as it failed to take into account, in fixing child support, the obligation of the mother to support the children. CC Art. 227. We believe that the trial court considered that the mother would be the nurturing and supervising parent as the primary residential parent. If not, we make the consideration. One parent may fulfill his or her support obligation even though he or she does not expend the amount of money expended by the other parent. The measure of support is not exclusively a balancing of dollars and cents.
The duties of preparing meals, washing clothes, providing transportation, furnishing care and guidance, and performing all the day-to-day services that are demanded of a mother [or any residential parent] contribute substantially to the mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 at 839 (La.1976),

DECREE
We amend the judgment to grant joint custody to the parents, with primary residential custody to remain with the mother, in accord with the stipulated plan of the parents for reasonable visitation rights by and with the father, and to reduce the child support from $633.33 to $500 per month per child. Costs here and below are assessed one-half to each litigant.
AMENDED, and as amended, AFFIRMED.