499 So.2d 152 (1986)
Dorie Ann ROBINSON, Plaintiff-Appellant-Appellee,
v.
Elvis Buck ROBINSON, Jr., Defendant-Appellant-Appellee.
No. 18060-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*153 Loridans & Loridans by Patricia N. Miramon, Bossier City, for plaintiff-appellant-appellee.
James L. Fortson, Jr., Shreveport, for defendant-appellant-appellee.
Before MARVIN, FRED W. JONES, Jr. and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
The Robinsons were married in 1972 and had three children. In January 1985 the wife moved out and took the children. She sued for divorce, accusing her husband of adultery and he reconvened, making a similar adultery allegation. Additionally, both sued in the alternative for a separation on the grounds of cruel treatment.
After a trial in September 1985 the lower court found mutual fault based on cruel treatment and granted a legal separation. In addition, the trial judge awarded joint custody on a month-to-month alternating basis, $175 per month alimony pendente lite, and $175 per child per month support to the wife.
Both parties appealed. The husband alleged the trial court erred in finding he was at fault, that he had not overcome the presumption in favor of joint custody, and in ruling he was to pay child support even during the months the children lived with him. The wife likewise appealed, alleging error on the part of the lower court in finding her at fault, in admitting a tape recorded conversation, in finding her guilty of cruel treatment, and in awarding joint custody. For the reasons assigned below we affirm the judgment of the trial court.
Both parties allege error in the trial court's finding of mutual fault based on cruel treatment. Each contends the other was guilty of adultery. Cruel treatment in any form which renders living together insupportable is a legal ground for separation from bed and board. La.C.C. Article 138. The fault of the parties need not be equal, but must be sufficient standing alone to award the other a legal separation. La. C.C. Article 141. In a divorce or separation proceeding, the trial court's finding of fact on the issue of fault is entitled to great weight and will not be disturbed on appeal absent a finding of manifest error. Land v. Land, 483 So.2d 186 (La.App.2d Cir. 1986); Jenkins v. Jenkins, 441 So.2d 507 *154 (La.App.2d Cir.1983), writ denied, 444 So.2d 1223 (La.1984).
After reviewing the record, we cannot say that the trial court was clearly wrong in its finding that the parties were mutually at fault based on cruel treatment and that there was insufficient evidence to find either party guilty of adultery. The husband continued to see a former paramour while the wife maintained an apparent romantic relationship with the private detective she had hired to observe her husband. She denied a romantic relationship but admitted that the mutual expressions of love, during a telephone conversation she believed was being taped by the husband, were designed to upset her husband. These activities are indicia of cruel treatment.
There was circumstantial evidence of adultery on both sides but not sufficient to constitute proof. The evidence consisted of observation of the respective parties with the paramour and detective. These observations of the husband and paramour were by the detective and his employee while the observations of the wife and the detective were by the husband and his friends. The trial court did not err in declining to find adultery and, instead, finding mutual fault based on cruel treatment.
Both parties also allege error in the award of joint custody, contending that they overcame the presumption in its favor as set forth by La.C.C. Article 146. The burden of proving that joint custody is not in the best interest of the child is upon the party seeking sole custody. C.C. Art. 146A(2); Turner v. Turner, 455 So.2d 1374 (La.1984); Roberts v. Roberts, 460 So.2d 1151 (La.App. 2d Cir.1984).
In this case neither party has proven that the best interests of the children rest in sole custody. Indeed, witnesses for both parents testified each was a good parent. While there was evidence of problems on the part of both parents, none of these was serious enough to merit sole custody in the other parent. Neither party challenged the sharing of domiciliary status on the month-to-month basis and we do not find the custody plan so improper as to require a reversal. The trial judge found this arrangement had been working well and we concur.
The husband further alleges error in that he is ordered to pay child support even during the months when he has physical care and custody of the children. The trial court specifically took this into account in making the award of month-to-month custody, noting that child support was "payable all twelve months of the year."
The trial court is granted much discretion in fixing alimony and child support and its award will not be disturbed unless there is clear abuse of discretion. La.C.C. Articles 148, 227; Kellogg v. Kellogg, 375 So.2d 200 (La.App.2d Cir. 1979).
In calculating the child support award to be made the court must consider the totality of the pertinent circumstances. Brinks v. Brinks, 483 So.2d 1307 (La.App. 4th Cir.1986). In this case Mrs. Robinson never worked regularly outside the home after the arrival of children. The joint custody plan is such that every other month the wife will have custody and this arrangement makes it understandably difficult for her to find employment outside the home. The courts have recognized that a mother's day-to-day duties, such as preparing meals, washing clothes, providing transportation, etc., are a contribution by her to the parents' mutual obligation of support to their minor children. Ducote v. Ducote, 339 So.2d 835 (La.1976); Owens v. Owens, 489 So.2d 321 (La.App. 4th Cir.1986).
When the children reside with their mother they are entitled to the same standard of living as if they were living with their father, when his financial circumstances permit. Ducote, supra. Obviously, the wife must maintain a household for the children even during the months when they are not with her. The husband relies on Hendrick v. Hendrick, 470 So.2d 449 (La.App. 1st Cir.1985). There the court permitted a reduction in child support payable by the husband when he ceased work *155 at his father-in-law's business and his ex-wife began working there. The ex-wife had sufficient income for support. That is not the case with Mrs. Robinson. We find no abuse of discretion by the trial court in awarding child support to the wife during the periods when the husband has physical custody of the children.
Finally, the wife alleges the lower court erred in admitting into evidence a telephone conversation between herself and the private investigator she had hired to observe her husband. She claims the tape was made in violation of 18 U.S.C. 2511 the federal criminal wiretap actand thus should not have been admitted into evidence. The wife is incorrect. Such taping, done in the course of a marital dispute, does not rise to the level of the criminal conduct proscribed by the federal statute. 18 U.S.C. 2510-2520; Anonymous v. Anonymous, 558 F.2d 677 (2nd Cir.1977); Simpson v. Simpson, 490 F.2d 803 (5th Cir.1974). The trial court did not err in admitting the tape recording into evidence.
For the reasons set forth we affirm the judgment of the trial court, with costs assessed equally to each appellant.