552 So.2d 560 (1989)
Lisa S.J. SICILIANI, Plaintiff-Appellee,
v.
Matthew Paul SICILIANI, Defendant-Appellant.
No. 20930-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
Writ Denied January 5, 1990.
*561 Robert S. Tew, Monroe, for defendant-appellant.
Albert W. Block, Jr., West Monroe, for plaintiff-appellee.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
SEXTON, Judge.
Appellant, Mr. Siciliani, appeals alimony and child support awards in favor of Mrs. Siciliani rendered with a judgment of divorce and sole custody of the minor child of the parties in favor of Mrs. Siciliani.

Facts
The parties were married on May 20, 1983, in Fairfield, California. They have one minor child, Fiona Sadie Marie, who is now either ten or eleven years old.[1] The couple lived in California before their separation in December 1986. On May 25, 1988, the plaintiff, Mrs. Siciliani, instituted a divorce action against Mr. Siciliani, the parties' having at that time lived separate and apart continuously for more than one year.[2] The matter was tried on December 13, 1988, and the trial court granted Mrs. Siciliani a divorce, the sole custody of the parties' minor child, permanent alimony in the amount of $450 per month (or, at Mr. Siciliani's option, continuing to pay the monthly lease payment and monthly insurance payment on Mrs. Siciliani's car, a 1986 Nissan 300ZX), and child support of $685 per month retroactive to June 1, 1988 (subject to credit for payments made during that period). Mr. Siciliani was also required to maintain health and hospitalization insurance on the child.
Mr. Siciliani did not appear at the trial. The trial court judgment was based on Mr. Siciliani's answers to interrogatories, Mrs. Siciliani's affidavit of income and monthly *562 itemized expenses, and Mrs. Siciliani's testimony at trial.
On appeal, Mr. Siciliani contends that the trial court erred in fixing excessive alimony and child support awards. After examining the facts of this case, we cannot say that the trial court abused its discretion in setting the amounts of these awards, and we affirm the judgment below.

Mr. Siciliani's Ability to Pay
Mr. Siciliani contends first on appeal that he is not financially able to pay the alimony and child support awards ordered by the trial court. He notes that his answers to interrogatories show that he now earns only $1,000 per month plus commissions in his job as the finance manager of a car dealership in California. The amount of the commissions was undetermined in the answers to interrogatories since Mr. Siciliani had only been employed by this dealership for one month when he answered them. He claims that this amount of income is insufficient to allow him to pay $1,135 per month to his ex-wife and his child.
The trial court apparently decided not to rely on these latest income figures and looked instead to Mr. Siciliani's past earnings. His interrogatories indicated that he earned $72,000 in 1985. In 1986, he earned $66,000. In either 1987 or 1988, he earned $55,000.[3] Mr. Siciliani was also unemployed for an unspecified portion of 1988, having just begun the job he had at the time of trial on November 8, 1988.[4] The trial court reasoned that Mr. Siciliani had the ability to make at least $55,000 and that this amount of income was sufficient to allow him to pay the alimony and child support awards.
Mr. Siciliani, through counsel at trial, presented no other evidence besides his answers to interrogatories (showing a base salary of $12,000 per year with uncertain commissions) as to his current income. Therefore, the only reference that the trial judge had to make his decision was Mr. Siciliani's past income. The trial judge concluded that he felt that Mr. Siciliani had the capacity to earn at least $55,000 per year and based his award towards this lower end of Mr. Siciliani's past earning scale. This same approach has been approved in other Louisiana appellate decisions where the alimentary obligor's future income is uncertain. See Rutherford v. Rutherford, 452 So.2d 432 (La.App. 3rd Cir.1984); Jessen v. Jessen, 386 So.2d 953 (La.App. 3rd Cir.1980).
Basing the alimony and child support awards on earnings of $55,000 per year, given Mr. Siciliani's list of expenses of approximately $3,950 per month,[5] leaves Mr. Siciliani with disposable income of only approximately $635 per month, obviously not enough to satisfy the alimony and child support awards. As we have noted, the trial judge indicated in reviewing Mr. Siciliani's earnings that he had the potential to earn more than $55,000. The trial judge also indicated in general terms that some of Mr. Siciliani's expenses were inflated.
In this regard, we note that Mr. Siciliani claims a grocery expense in the amount of *563 $450 per month, compared with Mrs. Siciliani's claimed grocery expense for both herself and her daughter of only $300 per month. Mr. Siciliani also claims a dental expense of $100 per month, which appears excessive absent evidence of some unusual dental condition which is not in the record. Mr. Siciliani's telephone expense of $120 per month also seems excessive, especially when compared with Mrs. Siciliani's combined telephone expense for herself and her daughter of only $70 per month. Mr. Siciliani also lists a $250 per month life insurance expense, which cannot be considered in his list of necessary expenses. Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982). Finally, Mr. Siciliani lists a $350 per month child support expense, which cannot be considered in his list of necessary expenses in order for us to evaluate the correctness of the trial court's child support award.
The trial court is vested with much discretion in fixing awards of alimony and child support. Nowlin v. Nowlin, 482 So.2d 882 (La.App. 2d Cir.1986); Martin v. Martin, 457 So.2d 189 (La.App. 2d Cir. 1984); Sims v. Sims, 457 So.2d 163 (La. App. 2d Cir.1984); Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2d Cir.1982). We therefore determine, considering Mr. Siciliani's expenses and income history, that the trial court's implicit determination that Mr. Siciliani had the means to pay the awards assessed is not an abuse of discretion.

Child Support
Mr. Siciliani also contends that the child support award ordered by the trial court is excessive.
Child support is to be fixed in proportion to the needs of the children and the noncustodial parent's ability to pay. LSA-C.C. Art. 231; Updegraff v. Updegraff, supra; Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981), writ denied, 404 So.2d 278 (La.1981). If finances permit, children are entitled to the same standard of living which they enjoyed before the marriage ended. Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir.1987); Sims v. Sims, supra. Both the mother and the father are obligated to support children. LSA-C.C. Art. 227; Sims v. Sims, supra; Nelson v. Nelson, 335 So.2d 787 (La.App. 1st Cir.1976). The term "maintenance" referred to in LSA-C.C. Art. 227 providing that both the mother and the father share in the obligation of supporting, maintaining, and educating their child is not limited to monetary contributions but includes the day-to-day care and maintenance which the custodial parent gives the child by virtue of his or her physical presence and efforts. LSA-C.C. Art. 227; Sims v. Sims, supra. In fixing the amount of child support, the trial court is vested with considerable discretion. LSA-C.C. Arts. 227, 231; Ducote v. Ducote, 339 So.2d 835 (La.1976); Sims, supra; Updegraff, supra.
In the instant case, the child's expenses, listed in Mrs. Siciliani's affidavit of income and monthly itemized expenses as approximately $1,060 per month, were found by the trial judge to be reasonable. We agree. A child living on this amount of money per month, almost $13,000 per year, is certainly not living above the standard at which she lived while residing with a father who made between $55,000 and $72,000 per year, and is probably living somewhat below that standard. Mr. Siciliani is ordered by the judgment to contribute a little under two-thirds of the child's monthly expenses monetarily, Mrs. Siciliani contributing the other approximate one-third. Considering that Mrs. Siciliani also has custody of the child and cares for her on a daily basis, we consider that her contribution to the support of the child is almost equal to that of Mr. Siciliani. We find that on this record the trial court did not abuse its discretion in setting this child support award.

Alimony Award
Mr. Siciliani also claims that the $450 per month permanent alimony obligation to Mrs. Siciliani is excessive, contending that the trial court erred in not considering Mrs. Siciliani's earning capacity in determining the award.
*564 A spouse claiming alimony pursuant to a divorce decree has the burden of proving necessitous circumstances, and until such need has been shown, the means of the other spouse are irrelevant. LSA-C.C. Art. 160; Hilton v. Hilton, 451 So.2d 90 (La.App. 3rd Cir.1984); Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). In considering whether the spouse has sufficient means, the courts consider the expenses required to procure the basic necessities of life, such as food, clothing, and shelter, as well as reasonable and necessary transportation or automobile expenses, utilities, household expenses, and income tax liability generated by alimony payments. Rhinehart v. Rhinehart, 475 So.2d 43 (La. App. 2d Cir.1985), writ denied, 477 So.2d 692 (La.1985); Hilton v. Hilton, supra.
For purposes of determining whether the party seeking alimony has carried the burden of proving insufficient means or maintenance, "means" includes income and capital, and both earnings and earning capacity are proper considerations. Musselman v. Musselman, 524 So.2d 90 (La.App. 4th Cir.1988); Vorisek v. Vorisek, supra. An ex-wife's earning capacity is to be considered in assessing her entitlement to permanent alimony, and if she is reasonably equipped to work, she should do so. LSA-C.C. Art. 160; Teasdel v. Teasdel, 493 So.2d 1165 (La.1986); Gray v. Gray, 451 So.2d 579 (La.App. 2d Cir.1984), writ denied, 457 So.2d 13 (La.1984); Geter v. Geter, 404 So.2d 1283 (La.App. 2d Cir.1981). However, earning capacity is only one consideration among many that must be considered by the court in setting alimony. McDonald v. McDonald, 516 So.2d 1306 (La.App. 2d Cir.1987); Johnson v. Johnson, 452 So.2d 322 (La.App. 4th Cir.1984), writ denied, 458 So.2d 486 (La.1984); Vorisek v. Vorisek, supra. In evaluating whether alimony is needed and therefore legally appropriate, the court must examine the totality of the circumstances indicative of both parties' financial condition. Gray v. Gray, supra.
Mrs. Siciliani lists her expenses in her affidavit of income and monthly itemized expenses as being $1,312 per month. The trial judge stated that he found the plaintiff's expenses to be reasonable, and we agree.[6] Except for the $80 per month charitable contributions expense,[7] which, when subtracted from her expense total, would leave her with monthly expenses of $1,232 per month, we view her expenses as reasonable and necessary for her maintenance. The alimony judgment only requires Mr. Siciliani to pay $450 per month toward these expenses, leaving Mrs. Siciliani responsible for the remaining $782 per month. Considering that her income over an 11-month period in 1988, as shown by a check stub admitted into evidence, was only approximately $4,900 (including reported tips), giving her a monthly income of only approximately $445, it is evident that Mrs. Siciliani cannot meet her monthly expenses even with the addition of Mr. Siciliani's $450 per month alimony payment.
However, Mr. Siciliani claims that the trial court erred in not considering Mrs. Siciliani's earning capacity when determining the alimony award and that the present award gives Mrs. Siciliani little incentive to become financially productive.
Mrs. Siciliani testified at trial that she received an associate degree in liberal arts *565 from a junior college in California and attended the University of California at Davis for one year majoring in animal science. She testified that she worked sporadically during the marriage, once part-time in retail and for a year full-time in 1983 training horses. However, she noted that it was not necessary for her to work during the marriage in order for the couple to meet their financial obligations.
Also, in January 1987, with Mr. Siciliani's consent, she began using money that Mr. Siciliani sent her to lease land in Union Parish to set up a small stable with rental facilities, training facilities, and lessons. She was unable to continue making the lease payments on the land by spring of 1988 and had to discontinue her efforts as Mr. Siciliani sent her less and less money. Additionally, after her move to Monroe, Mrs. Siciliani worked for 11 months as a waitress in a Monroe restaurant and for approximately two weeks as a full-time daytime bartender in another Monroe restaurant until she was recently laid off.[8]
The record does not show the number of hours per week that Mrs. Siciliani worked as a waitress; however, she recently changed jobs in hopes of being able to work a full 40-hour week at better wages than she was making as a waitress. It appears that it was through no fault of her own that she was laid off, and she testified at trial that she was confident that she would find another job soon, having had three interviews the morning of the trial.
Considering all of the above, along with the fact that Mrs. Siciliani has a young child at home to care for, which also limits the number of hours and types of jobs that she can perform, we feel that her current earning capacity is somewhere in the area of that demonstrated by her paycheck stub. On this record we cannot say that the trial judge abused his discretion and ordered excessive alimony.
For the foregoing reasons, the alimony and child support awards of the trial court are affirmed. The costs of this appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] The record indicates that the child was ten years old at the time of the petition for divorce and at the trial; however, her birth date was never specified.
[2] Mr. Siciliani still lives in California at this time.
[3] The ambiguity as to which year is correct stems from the failure of plaintiff's counsel to properly fill in the blank in their form interrogatories as to the specific year's income being requested. The trial judge indicated at trial that he thought a reasonable interpretation of the answers to interrogatories was that Mr. Siciliani earned the $55,000 in 1988.
[4] Mrs. Siciliani testified that she called Mr. Siciliani at some point toward the end of August 1988. A few weeks later, when he did not call her back as she had requested, Mrs. Siciliani called Mr. Siciliani's former employer to try to locate him. The employer told her that Mr. Siciliani did not work there any longer and had not worked there for some time.

We note that a parent and spouse will not be relieved of his obligation to support his child and pay alimony because of an unstable financial condition brought upon himself. Bushnell v. Bushnell, 527 So.2d 15 (La.App. 3rd Cir.1988); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982). However, there is no evidence in the record as to whether Mr. Siciliani's cessation of employment at his previous job was voluntary or not.
[5] This amount does not include Mr. Siciliani's claimed expenses for Mrs. Siciliani's car payments and her car insurance, which we have included instead as Mrs. Siciliani's expenses.
[6] Mr. Siciliani contests Mrs. Siciliani's listing of a rent expense for herself and her daughter of $250 per month, as well as a $350 per month car lease payment and a $100 per month car insurance payment. He claims that she pays no rent and that he pays these automobile expenses. Even though Mrs. Siciliani is not paying either of these expenses, it is well settled that a spouse in need for purposes of alimony is entitled to reasonable expenses for shelter and transportation. Rhinehart v. Rhinehart, supra; Frazier v. Frazier, 318 So.2d 625 (La.App. 2d Cir.1975). Although we find the automobile expense to be somewhat excessive, Mrs. Siciliani testified at trial that she offered to allow her husband to trade in the car and get her a less expensive model. Mr. Siciliani's response to this offer was that he could not get out of the lease on her present car for at least another two years, so she would have to keep driving the same car until then.
[7] Charitable contributions are not expenditures for necessities to be considered in the determination of a spouse's entitlement to permanent alimony after divorce. Harlow v. Harlow, 471 So.2d 895 (La.App. 2d Cir.1985).
[8] Mrs. Siciliani testified that she had just switched jobs before trial, thinking that a full-time day job would give her nights and weekends free to spend with her daughter. Additionally, she noted that wages of a bartender are higher than those of a waitress. She was laid off when the owners of the second restaurant decided to terminate their lunchtime business.