554 So.2d 174 (1989)
Larry Gene COBB, Plaintiff/Defendant-in-Rule/Appellant,
v.
Cynthia Marie Miciotto COBB, Defendant/Plaintiff-in-Rule/Appellee.
No. 21008-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
Love, Rigby, Dehan, Love, McDaniel & Goode by Hani E. Dehan, Shreveport, for plaintiff/defendant-in-rule/appellant.
Francis M. Gowen, Jr., Ronald J. Miciotto, Shreveport, for defendant/plaintiff-in-rule/appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
This civil appeal arises out of litigation to set child support obligations for the benefit of an 18-month old child. Defendant-in-rule/appellant, Larry Cobb, appeals the district court's ruling ordering him to pay plaintiff-in-rule/appellee, Cynthia Miciotto, $575 per month in child support. For the following reasons, we amend and affirm as amended.
Appellant and appellee separated in October 1987 when appellant left the matrimonial domicile. Appellant filed suit against appellee in March 1988 alleging constructive abandonment. Shortly thereafter, appellee filed a reconventional demand asserting Mr. Cobb's abandonment and seeking a rule to set child support. The original rule setting was passed by the consent of the parties.
*175 In November 1988 appellee filed a motion to reset the rule for child support. In December 1988 a hearing was held on the matter. Following the hearing, during which only appellant and appellee testified, the district court rendered judgment in favor of appellee ordering appellant to pay her $575 per month for the benefit of their minor child, giving oral reasons in support for the ruling. Judgment to that effect was signed in early January 1989.
Appellant now appeals the district court ruling regarding child support arguing that the district court abused its discretion in assessing him with such a substantial percentage of the overall amount of child support, especially in light of the fact that his wife earns approximately three times more than he does.
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. LSA-C.C. Art. 227. Both parents are obligated to contribute to the support of children. Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir.1987). Each must contribute to the child's support in light of the needs of the child as well as the circumstances of those who are obligated to meet these needs. LSA-C.C. Art. 231; Sims v. Sims, 457 So.2d 163 (La.App. 2d Cir.1984). See also Miller v. Miller, 475 So.2d 40 (La.App. 2d Cir.1985). Children are entitled to support in an amount sufficient to maintain them in a style commensurate with the standard of living the family enjoyed before the marriage terminated. The obligation is on both parents. Miller v. Miller, supra; Osborne v. Osborne, supra.
The difficulty of determining precisely how the joint household expenses are to be apportioned between the parent and the child has been noted. Osborne v. Osborne, supra. In some cases, the expenses have been apportioned on a pro rata basis according to the number of people in the household. Other cases have found a pro rata division inappropriate, especially where, as in the instant case, the only residents of the domiciliary household are the domiciliary parent and one child. A child does not "use" one-half of the monthly mortgage payment or rent, utilities, and other expenses. Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2d Cir.1981). See also Osborne v. Osborne, supra, and cases cited therein.
The calculation of child support by a mathematical formula is impossible and all of the varying facts and circumstances of each individual case should be taken into consideration in fixing the amount awarded. Sims v. Sims, supra; Hudson v. Hudson, 421 So.2d 1188 (La.App. 2d Cir.1982). LSA-C.C. Art. 227 has never been construed jurisprudentially to mean that in all cases the parents' obligation to provide for the financial support of the child must be pro rated equally between them. Sims v. Sims, supra. The goal of the district court should be a fair division of support between the parties. Wigginton v. Wigginton, 418 So.2d 41 (La.App. 4th Cir.1982). Furthermore, the maintenance referred to in that article is not limited to monetary contributions but includes the day-to-day care and maintenance which the custodial parent gives to the child by virtue of his or her physical presence and efforts. Ducote v. Ducote, 339 So.2d 835 (La.1976). Chaffee v. Chaffee, supra; Sims v. Sims, supra; Osborne v. Osborne, supra.
The linchpin of appellant's argument is the substantial disparity between his income and that of the appellee and the disproportionate allocation of the child support obligation between the parties.
Appellee is a general dentist who has been practicing in her profession since 1984. She has her own practice in an office building owned by her father for which she pays no rent. Her net profit in 1987, after salaries and expenses, and taking into account depreciation, was approximately $98,000. Her income for 1988, using the same formula as was used to determine her 1987 income, was projected to be $113,000. Additionally, appellee earned interest on separate funds in 1987 in the amount of approximately $13,000. Appellee's affidavit and other record evidence failed to adequately disclose whether she could anticipate receiving *176 the same amount of interest income in 1988.
Appellee estimated her expenses which were related to the child to be approximately $1,700 per month. That amount was derived from assigning one-half of the house note and utilities to the child plus expenses peculiarly related to the child, such as diapers, clothing, toys, and child care expenses. The district court reduced this amount to $980 per month, concluding that one-half of such major expenses as housing and utilities is more than an 18-month old child would "use."
Appellant earns his living as a salesman for a medical supply company. He earns a salary of $24,000 a year, plus bonuses which, in 1988, totaled $7,236.50. He also earned interest income in 1988 of $3,763.24, bringing his 1988 income to just under $35,000. His affidavit of income and expenses estimates his average monthly expenses to be approximately $2,500.
In 1988, appellant's total income from all sources would have been approximately $35,000. Appellee's income, including interest income, would have been approximately $125,000, approximately three and one-half times the amount earned by appellant.
Although he earns little more than one-fifth of their total combined salaries, appellant was ordered to contribute over half of the total support obligation calculated by the district court. In this regard, we cannot but conclude that the district court abused its discretion.
Even taking into account those non-monetary contributions made by the domiciliary parent as required by Ducote, supra, and Chaffee, supra, we believe that appellant has been saddled with a disproportionate share of the total child support obligation. Based upon their respective salaries, the total amount of the monthly child support obligation, and the district court's allocation of the child support obligation between the parties, it appears that appellant is expected to contribute one-fifth of his gross income per month to the support of the child while appellee is asked to contribute less than five percent.
In addition to our independent determination that the district court abused its discretion in allocating the child support obligation between the parties, we find further support in the newly enacted Child Support Guidelines, LSA-R.S. 9:315 through 315.14 inclusive, effective October 1, 1989. Although not in effect at the time the proceedings below were initiated, we believe that the principles and guidelines contained therein are particularly helpful as secondary references in a situation such as this.
Based upon the schedule of support contained in LSA-R.S. 9:315.13, it appears that the basic child support obligation in the instant case would be approximately $1,560. Based upon the proportion which their respective salaries bear to their combined incomes, appellant could be expected to contribute no less than $327 per month toward the total child support obligation.[*]
The trial court has wide discretion in setting the amount of the award. Miller v. Miller, supra; Osborne v. Osborne, supra. When an appellate court finds the trial court erred in the amount of its award for alimony, the appellate court is not free to award an amount it considers "appropriate" based on the evidence, but can only lower the amount to the highest point which is reasonably within the discretion of the trial court. Myers v. Myers, 344 So.2d 451 (La.App. 2d Cir.1977); Seal v. Bell, 464 So.2d 1026 (La.App. 1st Cir.1985).
Concluding as we have that the district court abused its discretion in ordering appellant to pay appellee $575 per month for the support of an 18-month old child, we must now determine the highest award which would have reasonably been within the district court's discretion under the circumstances. *177 Although under the new act appellant might have expected to pay $327 per month, that schedule is to be used for determining the "basic" child support obligation. LSA-R.S. 9:315.13. Because we determine that appellant could have reasonably expected to contribute more than what would be considered to be "basic," we conclude that the maximum award which would have reasonably been within the district court's discretion is $400.
For the above and foregoing reasons, we amend the district court's judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of CYNTHIA MARIE MICIOTTO COBB and against LARRY GENE COBB condemning LARRY GENE COBB to pay unto CYNTHIA MARIE MICIOTTO COBB the sum of FOUR HUNDRED DOLLARS ($400.00) per month as child support for the care and support of the minor child, Caroline Cobb, commencing as of the date of judicial demand herein, April 5, 1988, said support payable on or before the first day of each successive and succeeding month until further orders of the court.
All costs of this appeal are to be borne by appellee.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[*] Based upon appellant's projected 1988 income of $35,000 and appellees' projected 1988 income of approximately $125,000, the combined adjusted gross incomes, as defined by the new act, would be approximately $160,000 or a little more than $13,300 per month. Using the schedule contained in LSA-R.S. 9:315.13 and extrapolating for fractional amounts falling between those numbers on the schedule, the total child support obligation in the instant case would be $1,560 per month. Appellant could be expected to pay approximately $327 per month, which is reflective of his approximate proportion of the parties, total monthly income.