FOOTE, Judge Ad Hoc.
The defendant appeals a child support judgment which awards his wife $375.00 per month for each of two children (a girl, age five; a boy, age two) during the nine months of September to May when the wife has the physical custody, and reduces the award to $300.00 per month per child for the period of June, July and August when the father has physical custody. The judgment was dated June 6, 1989, but provided the support award was retroactive to January 18, 1989, which was the date suit was filed.
The parties were married in 1979, and established their domicile in an affluent subdivision in Kenner, Louisiana. The defendant was a C.P.A. in New Orleans with a national firm. In January 1989, at physical separation, he had gross earnings of approximately $5,000.00 per month, which included salary and bonus. His average net monthly income after taxes was $4,000.00. The wife, who did not work, was wealthy and enjoyed an average yearly net income from her estate of approximately $58,000.00. The wife purchased for cash a nice $170,000.00 home for the family out of her separate funds, and the father generally provided from his income the other family living costs.
The lifestyle of the family was above average. The five-year-old girl was sent to an expensive school, and the family enjoyed nice vacations. There seemed to be frequent children’s parties and other outings for the children. The mother provided for the children with her undivided attention. The food bill exceeded $600.00 a month, which included the cost of some dining out of the family home.
The mother became dissatisfied with the marriage and moved with her children to Monroe, Louisiana in January 1989. She spent $2,600.00 plus from a community bank account to pay part of the expense of this change of domicile which included the tuition for the girl in a private school.
The defendant makes the following assignments of error:
1. He contends there should have been no child support award because his wife had ample funds to support the children when she has physical custody of them and he has no funds to pay support after he pays his necessary expenses.
2. He argues that in no event should he have been required to pay child support in the three summer months when he has physical custody.
3. He argues the judgment should not have been retroactive without allowing credit to him for funds his wife spent out of community funds after physical separation for the payment of the children’s expenses.
The Louisiana Civil Code provides that the mother and father are responsible for the obligation of supporting their children according to their circumstances. (LSA-C.C. Arts. 227-231). The children are entitled to a lifestyle after a separation which compares with the quality of life they enjoyed while they lived with both parents. Miller v. Miller, 475 So.2d 40 (La.App. 2d Cir.1985). The parent who has physical custody of the children receives credit on her contribution to the support obligation by providing the day-to-day care of the children.
The mother has always provided these children with outstanding care and support in every phase of life. She has filed her affidavit indicating that she is spending approximately $3,400.00 a month on these two children ($1,879.68 on the girl; $1,619.09 on the boy). The affidavit lists many items which could be omitted and no doubt some exaggerations. A very good lifestyle could be provided for much less than is reflected on the affidavit. In setting the amount, the trial judge doubtlessly has taken this into consideration as well as the fact that the mother was going to make generous cash contributions to the support of the children.
*918 The award which the husband is required to pay is well within his ability. He will have $3,250.00 left from his $4,000.00 net monthly income after he pays child support. At the time of the separation, the father had only one fixed monthly debt expense, a car note in the amount of $242.00, which was to terminate in November, 1989. This father spends over $100.00 a month for periodicals and $40.00 a month for haircuts. These examples show that the defendant can reduce his monthly expenses in whatever manner he sees fit in order that he will have ample funds to pay his child support. He has no debt to adjust, and admittedly has about $15,000.00 as his community half of a Hibernia Bank Tower account and a Stock Broker account. The award will not even equal one-half of the cash cost necessary to provide these children with their pre-separation quality of life. The payment of the award will be no heavy burden on this very well-paid professional member of our society. He cites no authority for his position that a wealthy custodial parent is required to pay all the support for a child when the non-custodial parent has the funds to meet his LSA-C.C. Art. 227 child support obligation. The trial judge did not abuse his very wide discretion when he made the award. Each case must rest on its own facts. Sims v. Sims, 457 So.2d 163, 164 (La.App. 2d Cir.1984).
The trial judge reduced the monthly child support during the three summer months to $600.00, or a reduction of $150.00 per month. It should be noted that the children will actually be with their father only seven weeks of the 12 summer weeks, and for this reason, the mother will have full expenses for five weeks when she will receive reduced child support. It is also significant to recognize that most living costs continue with little reduction during short absences. The case of Robinson v. Robinson, 499 So.2d 152 (La.App. 2d Cir.1986) recognizes a refusal to eliminate summer child support as being to some extent justified by fixed expenses. There was no abuse of the trial court’s discretion in the fixing of the summer child support.
The retroactive child support award is authorized by LSA-R.S. 9:310. The record establishes that the mother and father both spent community funds following the separation, and any accounting that either is required to make can best be resolved in their community property settlement. There was no abuse of the trial judge’s discretion in refusing to credit the child support award with funds taken by the mother from a community bank account, only part of which could be clearly traced to the needs of one of the children (girl’s private school tuition). Judgment is affirmed.
AFFIRMED.