595 So.2d 343 (1992)
Josephine Villanueva Williams RIDINGS, Plaintiff-Appellant,
v.
James Allen RIDINGS, Defendant-Appellee.
No. 23253-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
*344 Sadye Kern Bernheim, Monroe, for plaintiff-appellant.
Robert G. Foley, Monroe, for defendant-appellee.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
SEXTON, Judge.
Plaintiff Josephine Villanueva Williams Ridings appeals the district court's award of $100 per month to her as alimony pendente lite and its refusal to require her husband, defendant James Allen Ridings, to provide her with health and hospitalization insurance coverage pending dissolution of the marriage. She also complains of the district court's denial of her motion for a new trial regarding the adequacy of the alimony pendente lite award. We affirm in part, amend in part, and render.
Plaintiff and defendant were married in May 1966. Of that marriage, no children were born; however, plaintiff has five children from a previous marriage who have all reached adulthood. Plaintiff and defendant physically separated in January 1991, and she filed suit for a divorce shortly thereafter. In addition to seeking a final divorce, plaintiff sought, among other ancillary matters, to have defendant provide her with alimony pendente lite and health and hospitalization insurance coverage or its monetary equivalent.
After an adversarial proceeding, the district court ordered defendant to pay plaintiff $100 per month as alimony pendente lite. However, the court refused to order defendant to provide plaintiff with health and hospitalization insurance coverage because the evidence showed that the parties had no such coverage while they were still living together. Plaintiff filed a motion for a partial new trial, limited to the issue of the adequacy of the amount of alimony pendente lite award. That motion was denied, with a handwritten notation by the judge that the evidence revealed that defendant "did not have the means to pay a greater amount."
From these decisions plaintiff has taken this appeal. She argues that the district court abused its discretion in awarding too little alimony pendente lite and in refusing to order defendant to provide her with health and hospitalization insurance coverage.
If a spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for support, proportioned to the needs of the claimant spouse and the means of the other spouse. LSA-C.C. Art. 111.[*]
The general rule in awarding alimony pendente lite requires that the award be proportionate to the needs of the claimant spouse and the means of the other spouse. If the needs of the claimant exceed the ability of the other to pay, then alimony pendente lite should be fixed at a sum which will as nearly as possible be just and fair to all parties involved. Kaplan v. Kaplan, 453 So.2d 1218 (La.App. 2d Cir. 1984), writ denied, 458 So.2d 484 (La.1984); Whatley v. Whatley, 430 So.2d 129 (La. App. 2d Cir.1983).
*345 The amount of alimony pendente lite is left largely within the sound discretion of the trial judge and will not be disturbed on appeal unless that discretion has been abused. Khaled v. Khaled, 424 So.2d 370 (La.App. 2d Cir.1982).
The purpose of alimony pendente lite is to provide support temporarily, pending litigation, for the spouse who does not have sufficient income for his or her maintenance. Alimony pendente lite is, in essence, designed to maintain the status quo insofar as the economic circumstances of the marriage are concerned. It relates to facts as they existed during the time the parties were living together and as they actually exist at the time the litigation commences, not to future possibilities and capabilities. Hollowell v. Hollowell, 437 So.2d 908 (La.App. 2d Cir.1983).
In the instant case, the evidence shows that plaintiff has a net monthly income of $592, while defendant's net monthly income is $1359. Plaintiff's needs exceeded those of the defendant. However, when one excludes all community obligations with the sole exception of the monthly payment on the house, plaintiff and defendant both have similar expenses of approximately $1100 per month, all of which are apparently reasonable.
It is apparent from these figures that plaintiff's expenses exceed her income by over $500 each month, while defendant has over $250 of disposable income each month after his expenses have been met. After the district court award in this case is considered, plaintiff is still $400 short each month while defendant retains $150 of disposable income. Under the circumstances presented, we conclude that the district court abused its discretion in awarding plaintiff only $100 per month in alimony pendente lite.
When an appellate court finds that the district court abused its discretion in the amount of its award for alimony (or child support), the appellate court is not free to award an amount it considers "appropriate" based on the evidence, but can only lower the amount to the highest point which is reasonably within the discretion of the court, Schelldorf v. Schelldorf, 568 So.2d 168 (La.App. 2d Cir.1990); Cobb v. Cobb, 554 So.2d 174 (La.App. 2d Cir.1989), or raise it to the lowest point which is reasonably within the discretion of the district court. Clayton v. Clayton, 431 So.2d 1082 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1075 (La.1983).
Based on the evidence before the court, the lowest award of alimony pendente lite which we could have affirmed is $250 per month. The judgment below will be amended to reflect an increase in alimony pendente lite from $100 to $250 per month. This increased amount is effective retroactive to the date of the filing of the petition wherein such relief was sought. Hogan v. Hogan, 549 So.2d 267 (La.1989).
Plaintiff also complains that the district court refused to order defendant to provide her with health and hospitalization insurance coverage or its monetary equivalent. Defendant argues that to have required him to provide something which did not exist during the marriage would be contrary to the underlying principle of alimony pendente lite, that is, to maintain the status quo.
The district court concluded that there was no evidence that the parties had maintained health and hospitalization insurance coverage during their marriage and accordingly refused to order defendant to provide it to plaintiff pendente lite. There is no evidence in the record that the district court's conclusion of fact is clearly wrong.
To order defendant to provide insurance coverage or its monetary equivalent to plaintiff would be to improve her situation rather than merely maintaining the status quo. The district court was correct in refusing plaintiff's request for this relief.
For the above and foregoing reasons, the district court's judgment is amended to increase plaintiff's alimony pendente lite award from $100 per month to $250 per month, and it is otherwise affirmed. Costs of this appeal are assessed to defendant-appellee.
*346 AFFIRMED IN PART, AMENDED IN PART, and RENDERED.
NOTES
[*] Present Art. 111 is Art. 148 of the Louisiana Civil Code of 1870, as amended by Acts 1990, No. 361, § 1. Art. 148 has been redesignated as Art. 111 by the Louisiana State Law Institute. The 1990 legislation deleted "separation from bed and board or for" following "pending suit for" in the text of the article, but the article is unchanged in all other respects.