617 So.2d 545 (1993)
Joieya Lee Wade WARREN, Plaintiff-Appellee-Appellant,
v.
Ted Broox WARREN, Defendant-Appellant.
No. 24638-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
Rehearing Denied April 29, 1993.
Writ Denied June 25, 1993.
*547 Comegys, Lawrence, Jones, Odom & Spruiell by J. Marshall Jones, Jr., Shreveport, for defendant-appellant.
A.R. Snell, Bossier City, for plaintiff-appellee-appellant.
Before HIGHTOWER, VICTORY and STEWART, JJ.
HIGHTOWER, Judge.
At a hearing on issues of alimony pendente lite, child custody and support, the district court awarded joint custody with the mother as domiciliary parent, granted the father visitation privileges, and ordered him to pay child support and interim spousal support. After the father instituted this appeal, his former wife answered. Finding reversible error in the granting of an involuntary dismissal on the custody matter, we reverse as to those issues but affirm the award of alimony pendente lite.

Facts and Procedural History
After their March 1988 marriage, Dr. Ted Warren ("Ted") and Mrs. Joieya Wade Warren ("Joieya") resided in Bossier Parish with their subsequently-born son, Broox. Although problems arose earlier, an argument on September 20, 1990, proved to be the catalyst for their permanent physical separation. The following day, Joieya filed a petition for separation from bed and board in which she sought, among other aspects, permanent custody of the child.[1]
An initial ex parte appointment of the mother as the provisional custodian later met with a challenge from the father. Alleging that his wife's chronic abuse of alcohol jeopardized his son's well being, Ted sought provisional custody of Broox through an emergency rule filed on March 6, 1991. Beginning on March 14 and continuing sporadically until November 12, the trial court heard evidence presented by the father about the wife's alleged alcoholism and parental unfitness. However, during the course of the proceedings and due to the protracted length thereof, the ongoing trial was expanded to cover the pending issues of permanent custody, child support, and alimony pendente lite rather than only provisional custody.[2] On September 6, the father rested his case. Thereafter, Joieya put forth one witness who testified regarding the former husband's financial situation.
When the parties next met in court on November 12, the former wife moved for involuntary dismissal pursuant to LSA-C.C.P. Art. 1672, with respect to the issue of custody. Despite arguments from the father, the trial court granted Joieya's motion and awarded permanent joint custody with the mother named primary domiciliary parent. Further determinations, utilizing the child support guidelines, imposed a monthly obligation of $1066 upon the father. Additionally, as alimony pendente lite, the former wife received $3000 per month retroactive to the date of the petition for separation and continuing to the date of divorce, subject to a monthly credit ($2550.64)[3] for sums paid by the former husband during the pendency of suit.
On appeal, the father complains of the custody award and the retroactivity of the *548 alimony pendent lite award. Answering, the mother claims that the two monthly sums granted in her favor are inadequate, and that appellant should not receive the benefit of claiming their child as a dependent for income tax purposes.

Motion to Dismiss Appeal
We must first address appellee's contention that her former husband's appeal should be dismissed.
After giving its opinion at the end of the November 12, 1991 proceedings, the trial court originally signed a judgment on December 20. Subsequently, on January 29, the father filed his appeal motion, which the judge immediately granted. In the interim, Joieya sought a new trial on December 30. Pursuant to her request, after adjusting the amount of credit the former husband would receive against the alimony pendente lite award, the trial court signed an amended judgment on February 3, 1992. Appellee now argues that the motion for appeal is premature, having been entered prior to the signing of the final judgment. Nonetheless, an appeal so granted is subject to dismissal only until judgment is signed. See note to LSA-C.C.P. Art. 1911. Any previously existing defect is cured upon the signing of the final judgment, and no useful purpose would be served by dismissing an otherwise valid appeal. Overmier v. Traylor, 475 So.2d 1094 (La.1985).
Appellee next contends that the judgment awarding custody arose by consent, and, thus, is not appealable. See LSA-C.C.P. Art. 2085. She maintains that during an October 17 conference, the trial judge indicated that he planned to award custody to the mother. So informed, appellee asserts, the parties agreed to discontinue the proceedings by means of the involuntary dismissal. All of this, however, appears only in brief. Appellate briefs are not part of the record, and facts referenced therein but not contained in the record itself cannot be considered. D'Arbonne Bank & Trust Co. v. James, 597 So.2d 165 (La.App.2d Cir.1992), writ denied, 604 So.2d 1000 (La.1992). Furthermore, the written judgment clearly shows this to be a "considered decree" granted via sustaining a motion for involuntary dismissal. Indeed, in opposition, appellant argued strongly that he should be named primary custodian. Clearly, the granting of a motion for involuntary dismissal under these circumstances, constituting a final judgment, is appealable. See LSA-C.C.P. Arts. 1673, 2083.
Accordingly, the motion to dismiss the appeal is denied.

Child Custody and Support
Of course, the legal precepts concerning child custody after divorce are well settled. The paramount consideration is always the best interest of the child. LSA-C.C. Art. 157 and, by reference, Art. 146.[4] See also Everett v. Everett, 433 So.2d 705 (La.1983); Lee v. Davis, 579 So.2d 1130 (La.App.2d Cir.1991). Further, the father and the mother stand on equal footing at the outset of the trial, and the court's role is to determine the best interest of the child based on the relative fitness and ability of the competing parents in all respects. Meredith v. Meredith, 521 So.2d 793 (La. App.2d Cir.1988); Thornton v. Thornton, 377 So.2d 417 (La.App.2d Cir.1979). Consequently, each case must be decided on the basis of its particular facts and circumstances by weighing and balancing those factors favoring and opposing custody for the respective parents. Moore v. Moore, 544 So.2d 479 (La.App.2d Cir.1989).
Appellant asserts that, in granting an involuntary dismissal under the circumstances before us, the trial court committed reversible error. We agree. In custody proceedings, the children are the true parties at interest. Both parents, in an initial custody dispute, share equally the burden of establishing by a preponderance of the evidence which custodial arrangement will best serve the interest of the children. Therefore, a determination of *549 that issue cannot be made until all evidence bearing upon the relative fitness and abilities of the competing parents has been adduced. Application of LSA-C.C.P. Art. 1672 B in such proceedings, then, is inappropriate because it deprives the trial court of the opportunity to consider the best interest of the child in light of the totality of circumstances. Owen v. Gallien, 477 So.2d 1240 (La.App. 3d Cir.1985). Furthermore, neither litigant in the case at hand faced the burden of showing, in the words of LSA-C.C.P. Art. 1672 B, a "right to relief."
Accordingly, the awards of permanent custody and child support are reversed. With that in mind, we do not reach the related issues concerning the retroactivity and sufficiency of the child support award.

Alimony Pendente Lite
Appellant contends that the trial court erred in making the award of alimony pendente lite retroactive to the date appellee filed her petition for separation.
In that regard, LSA-R.S. 9:310 A provides:
An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order. [Emphasis added.]
Of course, upon a showing of good cause the court may fix an alternate date on which such an award will become due. LSA-R.S. 9:310 C. Here, however, the former husband merely claims that a retroactive grant is inequitable in that, by making payments exceeding $2500 monthly during the pendency of the proceedings, he provided Joieya sufficient income. Obviously, he fails to meet his burden of demonstrating "good cause" for not making the award retroactive. See Broussard v. Broussard, 532 So.2d 281 (La.App. 3d Cir.1988). Curiously, appellant seeks an effective date of October 21, 1991, four days after the rendition of the divorce decree. His assignment of error concerning this issue clearly lacks merit.
In answering the appeal, the former wife contends that $3000 per month is an inadequate alimony amount to maintain her pre-separation standard of living. According to LSA-C.C. Art. 148[5], if a spouse has not sufficient income for maintenance pending the suit for separation from bed and board or divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for support proportioned to the needs of the claimant spouse and the means of the other spouse. If the needs of the claimant exceed the ability of the other to pay, then alimony pendente lite should be fixed at a sum which as nearly as possible will be just and fair to all parties involved. Ridings v. Ridings, 595 So.2d 343 (La.App.2d Cir. 1992). At all times, the amount of alimony pendente lite is left largely within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion. Id.
Here, the trial court awarded the former wife monthly alimony pendente lite of $3000, subject to a credit for the amounts previously paid by appellant. The parties stipulated the former husband's net income to be $9561 monthly; and, an October 1991 pay stub reveals appellee earning $1315 each month after taxes. Although she submitted an affidavit showing her monthly obligations to exceed $7000, the trial judge evidently did not accept this as a completely accurate reflection of her expenses. Based on the record, we cannot say the $3000 award constitutes an abuse of discretion.

Conclusion
Accordingly, the judgment of permanent custody, and the related orders concerning child support, are reversed and remanded. In further proceedings consistent with this opinion, both parties should be allowed to present evidence concerning permanent custody and child support. The award of alimony pendente lite is affirmed, with costs assessed equally between the parties.
*550 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

APPLICATION FOR REHEARING
Before LINDSAY, HIGHTOWER, VICTORY, STEWART and WILLIAMS, JJ.
Rehearing denied.
NOTES
[1] Ultimately, on October 17, 1991, the trial court granted a divorce on grounds that the parties lived separate and apart for the requisite statutory period.
[2] This conversion of issues placed the parties in a different procedural posture. Joieya, who originally sought permanent custody in her petition for separation, essentially became the plaintiff. Nonetheless, the father, then appearing as the defendant, first presented evidence to the court.
[3] In accordance with Joieya's motion for new trial, the court reduced this amount from $2619 as listed in the original judgment.
[4] Pursuant to marriage dissolution revisions effective January 1, 1991, LSA-C.C. Arts. 157 and 146 have been redesignated as LSA-C.C. Arts. 134 and 131, respectively.
[5] Again, pursuant to the marriage dissolution revisions effective January 1, 1991, this article has been redesignated as LSA-C.C. Art. 111. Aside from deleting references to separation, the provision remains unchanged.