745 So.2d 708 (1999)
Timothy Mark McGEE, Plaintiff-Appellee,
v.
Anne Olivier McGEE, Defendant-Appellant.
No. 98-1911.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
*709 Jack Derrick Miller, Crowley, for Timothy Mark McGee.
David M. Smith, Lafayette, for Ann Olivier McGee.
BEFORE: COOKS, SAUNDERS and DECUIR, Judges.
COOKS, Judge.
Anne Olivier McGee appeals a joint custody award designating her estranged husband, Timothy Mark McGee, as the primary domiciliary parent of their four minor children. She contends the trial court failed to properly apply La.R.S. 9:364(A), the Post-Separation Family Violence Act, in rendering its custody ruling.

*710 BACKGROUND FACTS AND PROCEDURAL HISTORY
Anne and Timothy McGee married on December 12, 1980, and parented four children. The couple resided together until July, 1996, at which time Anne moved into a friend's house, leaving the four children with her husband at their family home in Acadia Parish. Subsequently, Timothy petitioned for divorce on July 19, 1996. On August 19, 1996, with the consent of both parties, the divorce proceedings were dismissed. On August 24, 1997, Anne and Timothy were engaged in a physical altercation which ended with their arrest. Timothy refiled for divorce on September 12, 1997, seeking sole custody of his children and requesting that the court restrict Anne's visitation privileges pursuant to La.R.S. 9:361 et seq., the Post-Separation Family Violence Act. Anne filed a Reconventional Demand for divorce on October 24, 1997, seeking sole custody of the couple's children and also requesting application of La.R.S. 9:361 et seq., to any visitation privileges granted Timothy.
In conformity with the parties' stipulations, the district court granted temporary joint custody of the children and designated Timothy as primary domiciliary parent during the pendency of the divorce proceedings. Timothy and his four children moved from the family home into his mother's house in Church Point, where the children lived during the week. The children lived with their mother on weekends at the family home, in accordance with the temporary custody arrangement.
At trial on April 13, 1998, the parties testified that considerable discord existed during the marriage and each alleged instances of abusive conduct by the other spouse. Timothy testified their marriage deteriorated after Anne's mother suffered a prolonged illness and eventual death in 1995. Anne became severely depressed and subsequently was hospitalized for psychiatric care after taking an overdose of pills. Anne testified their marital trouble began shortly after the marriage because Timothy frequently came home drunk. Anne and Timothy both expressed dissatisfaction over the method the other used when disciplining their children.
The trial judge admitted as evidence a comprehensive report by a court appointed clinical psychologist, Dr. LeCorgene, which provided psychological evaluations on Timothy, Anne and their two oldest children, Kristen and Rachel. Dr. LeCorgene recommended the court designate Timothy as the domiciliary parent, finding from a psychological/emotional perspective Timothy more intact and stable. The report also recommended Anne seek therapy "to address issues of clinical depression, low self-esteem, underlying anger, and impulses towards aggressiveness and hostility." The trial judge considered further testimony from Timothy's mother, two sisters, a school guidance counselor, and a police deputy who responded to two domestic disturbances at the McGee's home. In his reasons for judgment the trial judge did not indicate or express concern regarding the alleged instances of abuse raised at trial. Rather, he noted "the evidence shows each party to be a loving parent and capable custodian of the children." The court made absolute its previous joint custody award and, again, designated Timothy McGee as primary domiciliary.
Anne McGee now appeals and assigns the following errors for our review:
1. The Fifteenth Judicial District Court was in error in not finding a history of family violence on the part of Timothy Mark McGee.
2. The Post-Separation Family Violence Relief Act should have been applied to allow for only supervised visitation of Timothy Mark McGee.
3. The Fifteenth Judicial District Court was in error in granting domiciliary status to Timothy Mark McGee.

LAW AND ANALYSIS
Anne McGee first asserts the trial court erred in failing to find Timothy McGee's *711 conduct during the marriage evidenced a history of family violence sufficient to fall within the ambit of La.R.S. 9:364(A). The Post-Separation Family Violence Relief Act provides in pertinent part.
A. There is created a presumption that no parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children. The court may find a history of perpetrating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence.
* * *
C. If the court finds that a parent has a history of perpetrating family violence, the court shall allow only supervised child visitation with that parent, conditioned upon that parent's participation in and completion of a treatment program.
The Act defines "family violence to include physical or sexual abuse and any offense against the person as defined in the Criminal Code, excluding negligent injury and defamation, committed by one parent against the other parent or against any of the children." La.R.S. 9:362(3). The Act also excludes from the definition, "reasonable acts of self-defense utilized by one parent to protect himself or herself or a child ... from the family violence." La. R.S. 9:362(3).
In Simmons v. Simmons, 26,414 (La.App. 2 Cir. 1/25/95); 649 So.2d 799, 801, the court addressed the wording of the act and suggested considering, in addition, "[s]uch factors as the number, frequency, and severity of incidents ... [and] whether the violence occurred in the presence of the children, and to what extent there existed provocation for any violent act." In Simmons the court recognized, "the stated purpose of the Act and the very serious consequences of the presumption, in substantially curtailing parental rights, militate against an expansive interpretation of the statute." Consequently, the deliberate addition of the word "history," it reasoned, requires a court to look beyond simply whether "family violence" has ever occurred. Id.
In slight contrast, the court in Michelli v. Michelli, 93-2128 (La.App. 1 Cir. 5/5/95); 655 So.2d 1342, 1348-49, found the Act, "only requires evidence of past events of family violence and does not require that the events be frequent or continuous." The Michelli court reviewed testimony of seven instances of family violence against a spouse and suggested, "the better approach [is] for the trial court to review each of the incidents of the alleged violence by the moving party to determine if any or all of the incidents [fall] within the ambit of family violence as defined by the Act." Michelli, 655 So.2d at 1348. When a "history of violence" is found, the court said only then must it make "the crucial inquiry of whether that history would lead one to reasonably assume that child visitation would be the new forum for abuse of the child or the abused spouse." Michelli, 655 So.2d at 1342. We agree, as the legislature so aptly recognized in La. R.S. 9:361:
[T]he problems of family violence do not necessarily cease when the victimized family is legally separated or divorced. In fact, the violence often escalates, and child custody and visitation become the new forum for the continuation of the abuse.
The determination, thus, ultimately requires accounting of the entire family circumstance, to ensure the child custody and visitation arrangement will not present a forum for continued abuse. Before reaching the latter determination, however as noted, the record must reflect that family violence in fact occurred and a "history of perpetrating" such conduct exists. In the present case, the trial judge heard testimony from both spouses. Timothy admitted he slapped Anne on two or three occasions over their seventeen year marriage. He claimed that on some of the occasions he *712 acted in self-defense, but no serious bodily injury resulted. These occasions were not described in detail by Anne, although she stated her husband hit her in the past. The only physical confrontation detailed at trial occurred between the parties on August 24, 1997. Timothy testified Anne became upset with the children and began screaming and cursing. Timothy related he "got up" from his chair and intervened, telling Anne he did not appreciate her talking to the children in that manner. He said Anne "got more upset" and told him she was leaving. She attempted to pick up the coffee table while expressing that it belonged to her. Because Anne broke furniture in the past, Timothy explained, he placed his knee on the table. Anne proceeded to the kitchen, grabbed a stool and walked outside. Timothy followed her outside and a verbal argument ensued. Timothy testified Anne hit him with the stool as he attempted to reenter the home to remove the children away from the carport door. He said Anne followed him inside with a hammer and threatened him with it in front of the children. Eventually Timothy wrestled the hammer away from Anne and the confrontation ended. Anne testified she hit Timothy with the stool and then grabbed the hammer in self-defense.
We note, the trial judge did not comment on this confrontation in his reasons for judgment, suggesting that he found the event insufficient to qualify as an instance of family violence or that it was exempted from the scope of the Act. Based on the record, we cannot say his conclusion was error. Moreover, we note the record lacks sufficient evidence of past events of family violence to support a finding that a history of such conduct was present in this case. Accordingly, we cannot say the trial judge abused his discretion in finding Timothy McGee's conduct during the life of the marriage did not warrant application of the Act. Our affirmance of the trial court's ruling on this issue renders moot Anne McGee's second assignment of error.
The appellant's third assignment of error asserts the trial judge erred in granting domiciliary status to Timothy Mark McGee. In custody cases, the paramount consideration is always the best interest of the child. See La.Civ.Code art. 131; Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); Wyatt v. White, 626 So.2d 816 (La.App. 2 Cir.1993). The two parties stand on equal footing at the outset of trial, and the court determines the best interest of the child based on the relative fitness and ability of the competing parties in all respects. Warren v. Warren, 617 So.2d 545 (La.App. 2 Cir.1993), writ denied, 620 So.2d 846 (La.1993), and authorities cited therein. Consequently, each case must be decided on the basis of its particular facts and circumstances by weighing and balancing those factors favoring and opposing custody of the respective parents. Id. A trial court's award of custody is entitled to great weight and will not be disturbed in the absence of a clear abuse of discretion. Bergeron, 492 So.2d at 1193; Warren, 617 So.2d at 545. We are required to give great deference to the factual conclusions of the trial court which are based on reasonable evaluations of credibility and inferences of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Here, the record reveals no reversible error. Although both parties are good and loving parents, the totality of the circumstances supports the trial court's decision designating the father's home as the children's domicile.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant, Anne Olivier McGee.
AFFIRMED.