| .WALTZER, Judge.
The mother of three minor children appeals the judgment of the trial court terminating her parental rights.[1] The mother argues that the state failed to prove with sufficient evidence that she did not substantially comply with the court’s order, regarding reunification of the children and the mother.
FACTS AND HISTORY OF THE CASE
Y.M. has six children. Three of her children were of the age of majority at the time the petition for termination was filed, and for this reason, only the three minor children are the subject of this suit for termination. On 23 January 1997, the state obtained custody of Y.M.’s children. Apparently, the children became in need of care at that time because both the mother and father were in jail.[2] For a substantial period of time, the case plan for the children required reunification of the mother with the children. Under this case plan, the court ordered the mother to comply with certain demands, to attend parenting classes to learn basic lessons, to attend family therapy sessions, to attend individual therapy sessions, to attend a support group, and to prevent any contact between her children and their father.
| ¡.Although never married, Y.M. had a significant relationship with the father of her six children. In October 1997, the *97 father of these children pled guilty to charges relating to the rape and/or sexual molestation of his then minor daughters, the three major children whose welfare is not currently before this court.
After the trial court found the minor children in need of care, the trial court issued an order requiring certain conditions be met before reunification of Y.M. and her children. In May, 1999, after several unsupervised visits between the mother and the children, the state learned that Y.M. allowed contact between the father, a convicted child molester, and the minor children. At that time the state suspended any unsupervised visits between the mother and the children. In September, the state reviewed the plan for reunification and decided that for various reasons, reunification of the mother and her children was not feasible. The state petitioned for the termination of Y.M.’s parental rights.
On 2 November 1999, the state filed a petition to terminate the parental rights of Y.M., mother of the children. After a hearing on 21 December 1999, the trial court granted the petition and terminated the parent’s rights regarding the three minor children. The mother appeals the judgment.
Y.M. argues that the state failed to prove by sufficient evidence grounds for termination of the mother’s rights pursuant to LSA-Ch.C. art. 1015(5).
STANDARD OF REVIEW
In an action for termination of parental rights, the trial court’s conclusions will not be reversed absent a showing of an abuse of discretion. State In the Interest of S.M., 98-0922 (La.10/20/98), 719 So.2d 445, 453.
I ¡¡ASSIGNMENT OF ERROR: The trial court erred by finding that the state proved with sufficient evidence grounds for termination of Y.M.’s parental rights under LSA-Ch.C. art. 1015(5).
The trial court terminated Y.M.’s parental rights pursuant to LSA-Ch.C. art. 1015(5) after finding that the mother had not complied with certain components of the case plan to reunify the children with the mother. The trial court held that no reasonable expectation of significant improvement in the mother’s conduct was anticipated. In a suit to terminate the rights of any parent, the petitioner bears a heavy burden. The petitioner bears the burden of establishing each element of a ground for termination of parental rights by clear and convincing evidence. LSA-Ch.C. art. 1035 A.
LSA-Ch.C. art. 1015(5) provides:
Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the child’s age and his needs for a safe stable and permanent home.
The substantive elements proving lack of substantial parental compliance with a court approved case plan for services are explained in LSA-Ch.C. art. 1036(C). The substantive elements proving lack of a reasonable expectation of significant improvement in the mother’s condition are set forth in LSA-Ch.C. art. 1036(D). LSA-Ch.C. art. 1036(C) provides:
C. Under Article 1015(5), lack of parental compliance with a case plan may be evidenced by one or more of the following:
(1) The parent’s failure to attend court approved scheduled visitations with the child.
(2) The parent’s failure to communicate with the child.
*98 |4(3) The parent’s failure to keep the department apprised of the parent’s whereabouts and significant changes affecting the parent’s ability to comply with the case plan for services.
(4) The parent’s failure to contribute to the costs of the child’s foster care, if ordered to do so by the court when approving the case plan.
(5) The parent’s repeated failure to comply with the required program of treatment and rehabilitation services provided in the case plan.
(6) The parent’s lack of substantial improvement in redressing the problems preventing reunification.
(7) The persistence of conditions that led to removal or similar potentially harmful conditions.
The trial court found that the state, by clear and convincing evidence, proved that Y.M. had not substantially complied with the case plan for reunification. The record consists-of the testimony of Y.M. and Betty McGhee, a social worker employed by the Office of Community Services (“OCS”). Y.M. completed certain requirements associated with the case plan. She attended a basic skills class for parents, and she consented to certain individual counseling sessions. Moreover, she participated in a majority of the visits allowed by OCS with the younger children. However, she admits that she refused to attend a support group for victims of sexual abuse and she refused to participate in family counseling, although her children’s father had been convicted of molesting their children and she knew these requirements were part of the case plan for reunification. Y.M.’s failure to comply with certain requirements of the case plan are uncontested.
The state argues that Y.M.’s failure to comply with the case plan is evidenced by her continued denial of the sexual abuse perpetrated against her children, her continued relationship with the perpetrator, and her inability or refusal to exhibit basic parenting skills by shielding her children from the risk of future abuse by this man. Y.M. denies both a current relationship with the perpetrator and any contact between the perpetrator and the children, while they | .¡visited her. However, the social worker testified, without objection, that the children stated that they saw their father, the perpetrator, during the unsupervised visits with their mother in May 1999. Moreover, the social worker testified, again without objection, that the older children stated that their father was again involved in their mother’s life. We note that any evidence of contact between the children and the perpetrator is hearsay, admitted without objection, and we would be hesitant to rely on such evidence alone. However, the record is clear that the mother does not believe the allegations of abuse, that she refused to comply with certain specific and important demands of the court order, that she neither offered any reasonable explanation for these refusals nor did she show any remorse. Considering the record as a whole, we are not persuaded that the trial court erred in concluding that Y.M. failed to substantially comply with the case plan for reunification.
The state must prove “no reasonable expectation of significant improvement” in Y.M.’s conduct in the near future.
LSA-Ch.C. art. 1036(D) provides:
D. Under Article 1015(5), lack of any reasonable expectation of significant improvement in the parent’s conduct in the near future may be evidenced by one or more of the following:
(1) Any physical or mental illness, mental deficiency, substance abuse, or chemical dependency that renders the parent unable or incapable of exercising parental responsibilities without exposing the child to a substantial risk of serious harm, based upon expert opinion or based upon an established pattern of behavior.
(2) A pattern of repeated incarceration of the parent that has ren'dered the parent unable to care for the immediate and continuing physical or emotional *99 needs of the child for extended periods of time.
(3) Any other condition or conduct that reasonably indicates that the parent is unable or unwilling to provide an adequate permanent home for the child, based upon expert opinion or based upon an established pattern of behavior.
1 ^Essentially, the state relies upon Y.M.’s continued refusal to believe that her companion sexually molested their children. Y.M. testified that she was not “sure” that the abuse occurred, although the perpetrator was convicted of various counts. The social worker for the state testified that Y.M. had allowed the perpetrator to have contact with her younger children, in violation of the court order. She believed this environment constituted a danger to these children. She stated that she also believed the mother’s failure to participate in either family therapy or the sexual abuse support group demonstrated a continuing refusal to protect her children. McGhee testified that she did not believe that Y.M.’s behavior would significantly improve. She stated that she did not believe that Y.M. possessed the skills necessary to protect her children from the perpetrator. She explained that Y.M. had attended and completed two classes on basic skills for parents, but she did not believe that Y.M. now possessed the skills necessary to adequately protect her children from abuse. We find no error with the trial court’s conclusions.
CONCLUSION
We affirm the judgment of the trial court terminating Y.M.’s parental rights.
AFFIRMED

. The judgment terminated the parental rights of the father, but he has not appealed the decision.

. The trial court admitted the record from the proceedings finding the children in need of care. However, this record was .not submitted to the court of appeal. The transcript from the termination proceedings substantiates many of the facts presented in the parties' briefs.