| .PATRICIA RIVET MURRAY, Judge.
The State of Louisiana, through its Department of Social Services (“DSS”), appeals, the judgment of the Orleans Parish Juvenile Court dismissing its petition to terminate the parental rights of the mother (“L.D”) of three minor children (“D.D.”, “S.M.D ”, and “S.N.D.”). For the reasons that follow, we vacate the judgment and remand the matter to the trial court.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
L.D. is the mother of a seven-year old boy, D.D., and twin eight-year old girls, S.M.D., and S.N.D. On January 31, 2003, pursuant to an oral instanter order in Orleans Parish Juvenile Court Case No. NAA-20030026, the children were placed in foster care. The order was rendered in connection with allegations that L.D. was physically abusing the children. On March 17, 2003, the children were found to be Children in Need of Care in a judgment rendered on March 17, 2003. The court continued the children in the custody of DSS. L.D. was arrested in connection with the child abuse allegations. She was subsequently convicted of one count of cruelty to a juvenile (identified only as S.D.) and sentenced to two years, suspended, and three years of active probation.
|2On September 30, 2003, the children were placed in the home of their mother, but continued in the custody of the DSS. On December 16, 2003, by order of the court, the children were returned to the custody of their mother, with continued supervision by DSS.
On April 5, 2004, child protection investigator, Jacqueline Banks, requested that the children be removed from L.D.’s home and returned to the custody of DSS. Banks stated by affidavit that the two girls had been whipped by their mother with a belt and were observed to have scratches and bruises on their faces, heads and necks. That same day the children were returned to the custody of DSS by order of the Juvenile Court. , ■
On July 7, 2004, DSS filed a petition to terminate parental rights’, and the matter was heard on July 22, 2004. After DSS presented its evidence, counsel for L.D. moved for an involuntary dismissal. The trial court granted the motion in open court and rendered judgment dismissing the DSS’s petition to terminate parental rights. The judgmént further ordered that the children remain in their current placement with the Office of Community Services.
DSS’s timely appeal followed. On appeal, DSS argues that the trial court erred in finding that DSS failed to meet its burden of proving grounds for termination of parental rights. L.D. has filed an answer to the appeal and argues that the trial court’s judgment should be affirmed.
STANDARD OF REVIEW
Recognizing the magnitude of the risks and consequences of an errone *544 ous deprivation, appellate courts view the termination of parental rights as a severe and permanent action warranting careful scrutiny. State in the Interest of Z.D., 95-1680, p. 5 (La.App. 4 Cir. 2/15/96), 669 So.2d 1312, 1314. Whether a termination |sof parental rights is warranted is a' question of fact. State in the Interest of K.N.F., 96-390, p. 2 (La.App. 3 Cir. 7/17/96), 677 So.2d 166, 168. In an action for termination of parental rights, the trial court’s conclusions will not be reversed absent a showing of an abuse of discretion. State el rel. D.M., 00-0635, p. 2 (La.App. 4 Cir. 1/24/01), 779 So.2d 96, 97.
DISCUSSION OF LAW AND FACTS
In termination proceedings, courts must carefully balance the two private interests of the child and the parents. State ex rel.C.J.K, 00-2504, p. 7 (La.11/28/00), 774 So.2d 107, 113 (citing State ex rel. J.A. 99-2905 (La.1/12/00), 752 So.2d 806). While the parents have a natural, fundamental liberty interest in the continuing companionship, care, custody and management of their children, the child has a profound interest, often at odds with, those of his parents, in terminating parental rights that prevent adoption and inhibit establishing secure, stable, long-term, and continuous relationships found in a home with proper parental care. State ex rel. J.M., 02-2089, p. 8 (La.1/28/03), 837 So.2d 1247, 1252. In balancing these interests, the courts of this state have consistently found the interest of the child to be paramount over that of the parent. State ex rel. G.J.L., 00-3278, p. 6 (La.6/29/01), 791 So.2d 80, 85.
It has been further recognized that great care and caution must be exercised in these proceedings because the permanent termination of the legal relationship existing between children and their biological parents is one of the most severe and drastic actions the State can take against its citizens. State ex rel. G.J.L., supra, p. 7, 791 So.2d at 85. Because due process requires that a fundamentally fair procedure be followed when the State seeks to terminate the parent-child legal relationship, actions to terminate must be scrutinized very carefully. Id.
[¿Article 1015 of the Louisiana Children’s Code states, in pertinent part:
The grounds for termination of parental rights are:
[[Image here]]
(3) Misconduct of the parent toward this child or any other child of the parent or any other child in his household which constitutes extreme abuse, cruel and inhuman treatment, or grossly negligent behavior below a reasonable standard of human decency, including but not limited to the conviction, commission, aiding or abetting, attempting, conspiring or soliciting to commit any of the following:
(a) Murder.
(b) Unjustified intentional killing.
(c) Aggravated incest.
(d) Rape.
(e) Sodomy.
(f) Torture.
(g) Starvation.
(h) A felony that has resulted in serious bodily injury.
(i) Abuse or neglect which is chronic, life threatening or results in gravely disabling physical or psychological injury or disfigurement.
(j) Abuse or neglect after the child is returned to the parent’s care and custody while under department supervision, when the child had previously been removed for his safety from the parent pursuant to a disposition judg *545 ment in a child in need of care proceeding.
(k) The parent’s parental rights to one- or more of the child’s siblings have been terminated due to neglect or abuse and prior attempts to rehabilitate the parent have been unsuccessful.
(l) sexual abuse, which shall include, but is not limited to acts which are prohibited by R.S. 14: 43.1, 43.2, 80, 81, 81.1, 81.2, 89, and 89.1.
In order to terminate parental rights, the court must find that the State has established at least one of the statutory grounds contained in La. Ch.C. art. 1015. La. Ch.C. art. 1035 further provides that the petitioner “bears the burden of establishing each element of a ground for termination of parental rights by clear and convincing evidence.” State ex rel. G.J.L., supra, p. 7, 791 So.2d at 6. Additionally, La. Ch.C. art. 1037(B) provides, in pertinent part:
When the court finds that the alleged grounds set out in any Paragraph of Article 1015 are proven by the evidentia-ry standards required by Article 1035 and that it is in the best interests of the child, it shall border the termination of the parental rights of the parent against whom the allegations are proven.
In State ex rel. L.B. v. G.B.B., 02-1715, pp. 5-6 (La.12/4/02), 831 So.2d 918, 922, the Louisiana Supreme Court recognized that termination of parental rights involves a two-prong inquiry. First, the State, by clear and convincing evidence, must establish at least one ground for termination under article 1015. Second, only after a finding that at least one of the enumerated grounds set forth in La. Ch.C. art. 1015 -is satisfied, the trial court -must determine whether the termination is in the best interest of the child
In the instant case, DSS submits that it proved three of the grounds set out in article 1015: 3(h) that L.D. was convicted of a “felony that results in serious bodily injury,” namely, cruelty to a juvenile;[1] 3(i) that L.D. beat the children in a manner that constituted extreme abuse, resulting in disfigurement in the form of scarring which was still visible nearly a year after the beatings; and 3(j) that the children were abused after they were returned to their mother while under the supervision of DSS.
DSS further maintains' that when a ground of parental unfitness is proved, as in this case, it nécessárily follows that the best interest of the child will be served by termination of parental rights. Therefore, DSS contends that once a ground has been proved, the court is required to enter a judgment of termination unless the court sets forth some exceptional reason to warrant its refusal to terminate parental rights. In support of this position, DSS cites State In the Interest of S.D., C.D., B.D., M.D., and C.D. v. Moore, 31,192 (La.App. 2 Cir. 8/19/98), 717 So.2d 265. |fiIn that case, the Second Circuit stated that if an Article 1015 ground for termination has been proved, then ordinarily termination 'will be in the best interest of the children; however, even after an Article 1015 ground has been established, the court may, in an exceptional case, refuse to terminate parental rights based on a best interest determination. Id. at p. 3, 717 So.2d at 267. The Second Circuit went on *546 to hold that the trial court had committed manifest error when it had .refused to terminate parental rights even after it had found that the statutory grounds for termination had been proven by clear and convincing evidence. Based on evidence in the record, the Second Circuit held that the trial court’s determination regarding the best interest of the children was manifestly erroneous. Id. at pp. 4-5, 717 So.2d at 267-268. See also: State ex rel. J.T., 38,149 (La.App. 2 Cir. 12/17/03), 862 So.2d 1130.
In the instant case, the trial court dismissed the petition for termination at the close of DSS’s evidence pursuant to the mother’s motion for involuntary dismissal. The trial court did not render written reasons for judgment. From the bench, the trial judge acknowledged the beatings of the children as documented by Ms. Banks and admitted to by L.D., but stated: “[I] just don’t think that the whipping of these children, and you all referred to it as beatings, I don’t think that the whipping of these children rises to the standard or level.”
We disagree with the trial court’s conclusion that the beatings did not constitute abuse. Further, we agree with DSS that it proved at least two grounds for.termination pursuant to La. Ch.C. art. 1015, namely: ground 3(h), conviction of a felony, cruelty to a juvenile, that has resulted in serious bodily injury;[2] and ^ground 3(j), abuse or neglect after the child has been returned to the parent’s custody following his previous removal as the result of a Child in Need of Care proceeding. Therefore, insofar as the trial court determined that DSS had failed to prove the statutory grounds for termination, we find the trial court’s ruling to be manifestly erroneous. However, in order to reverse the trial court’s judgment, by which we would terminate the parental rights of L.D., the record must clearly and convincingly establish that termination is in the best interest of the children. The trial court did not specifically address this issue. On the basis of this record, it is impossible to determine whether the trial court considered this issue and determined that termination was not in the children’s best interest, or the trial court simply failed to reach the issue in light of its indication that the statutory grounds for termination had not been established. Moreover, because the trial court dismissed the petition before the mother, L.D., had an opportunity to put on evidence, we do not have a complete record from which we could make this determination.
The trial court dismissed DSS’s petition for termination at the close of DSS’s case pursuant to a motion for involuntary dismissal. Such a motion is provided for by La.Code Civ. Pro. art 1672(B), which states:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party ... may move for a dismissal of the action as to him on the grounds that upon the facts and the law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
We note, however, that the Louisiana Children’s Code, which sets forth in Title X the *547 procedural and substantive laws governing the involuntary termination of |Rparental rights, does not specifically provide that such a.motion may be entertained at the close of the petitioner’s evidence. La. Ch. C. art. 1039 states:
If the court finds that the alleged grounds are not proven in accordance with the evidentiary standards set forth in Article 1035 or if the court finds that termination of parental rights is not in the best interests of the child, the court may:
(1) Dismiss the petition.
(2) Reinstate the parent to full care and custody of the child.
(3) If the child has previously been adjudicated as a child in need of care, reinstate that proceeding pursuant to Title VI.
(4) Upon a showing of sufficient facts, adjudicate the child in need of care in accordance with Title VI.
(5) Upon a showing of sufficient facts, adjudicate the family in need of services in accordance with Title VII.
(6) Make any other disposition that is in the best interest of the child.
Article 1039 of the Children’s Code is silent on the issue of whether the court may dismiss the case prior to the presentation of all the evidence, and we have found no jurisprudence addressing this issue. By analogy, we note that the appellate courts of other circuits have held that in divorce cases, the issue of which custodial arrangement will serve the best interest of the children cannot be made until all the evidence bearing upon the relative fitness and ability of the competing parents has been adduced; therefore, it is inappropriate for the court to entertain a motion for involuntary dismissal pursuant to La.C.C.P. art.1672 (B). See: Warren v. Warren, 617 So.2d 545, 548-549 (La.App. 2d Cir.1993); Owen v. Gallien, 477 So.2d 1240, 1244 (La.App. 3d Cir.1985). These decisions are based partly upon the unique nature of child custody proceedings, in which the paramount consideration is always the best interest of the child, and partly upon the legal precept that when two parents are battling over custody of their child, neither parent bears the burden of proof over the other because they are on equal footing.
IflUnlike in a divorce case, in a petition for involuntary termination of parental rights under Title X of the Children’s Code, the State, through DSS, clearly bears the burden of proof to establish the existence of a statutory ground for termination. With regard to the best interest of the child, however, the law is less clear as to which party, if any, bears the burden of proof. Article 1035 of the Children’s Code, entitled “Burden of Proof,” states:
Where the petition alleges facts constituting criminal conduct under Article 1015(2) or grossly negligent behavior under Article 1015(3), such facts must be proven beyond a reasonable doubt. In the instances of all other grounds, the facts alleged must be proven by clear and convincing evidence. In all involuntary termination of parental rights proceedings the accused parent or parents shall be accorded due process of law. (Emphasis added.)
In our view, due process includes the right of the accused parent to be heard and to present evidence contesting the termination prior to the rendering of a final judgment of termination. In the instant case, we find that sufficient statutory grounds for termination of parental rights have been proven, but the trial court committed legal error by entertaining the motion for involuntary dismissal before the mother, L.D., had the opportunity to present evidence with regard to the best inter *548 est of her children. This decision by the trial court has deprived us of a complete record for appellate review.
CONCLUSION
Accordingly, for the reasons stated, we vacate the judgment of the trial court and remand the matter to that court for proceedings consistent with this opinion. The trial court is ordered to reopen the matter to allow L.D. to present evidence in opposition to the petition, and to render a decision regarding the best interests of the children based upon its consideration of the totality of the evidence h presented in accordance with the procedures established by the Louisiana Children’s Code.
VACATED AND REMANDED.

. Cruelty to Juveniles, a violation of La. R.S. 14:93, is defined as "the intentional or criminally negligent mistreatment or neglect by anyone seventeen years of age or older of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child.” It is punishable by a fine of not more than one thousand dollars and/or imprisonment of not more than ten years, with or without hard labor.

. This court has previously determined that a parent's conviction of.cruelty to a juvenile toward one child is sufficient to establish the statutory grounds for termination of parental rights with regard to all of the parent’s children. State in the Interest of M.S., 99-2190 (La.App. 4 Cir. 6/23/00), 768 So.2d 628.